**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ERGO MEDIA CAPITAL, LLC and ERIK H.
GORDON,

         Plaintiffs,

   v.

LOTTI BLUEMNER

         Defendant.

**No:  15-CV- 1377 (LGS) (GWG)**


**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO**
<u>**DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER**</u>

Christopher A. Parlo
Andriette A. Roberts
Jason D. Burns


Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York  10178
(212) 309-6000


*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

PROCEDURAL HISTORY ...................................................................... 3

STATEMENT OF FACTS ...................................................................... 4

ARGUMENT

I.     LEGAL STANDARD UNDER 12(b)(2) AND 12(b)(3) ..................................... 6

II.    THE FORUM SELECTION CLAUSE MUST BE ENFORCED. ...................... 6

       A.    The Forum Selection Clause Was Reasonably Communicated to
             Defendant. ................................................................... 7

       B.    The Forum Selection Clause is Mandatory and Not Permissive. ............. 8

       C.    The Forum Selection Clause Applies to Plaintiffs' Claims. ................... 9

       D.    Defendant Cannot Meet Her "Heavy Burden" of Establishing That
             the Forum Selection Clause is Unenforceable. ........................... 10

             i.    Defendant's Start Date is Irrelevant to the Enforceability of
                   the Forum Selection Clause. ........................................ 12

             ii.   Defendant Began Her Employment in or Around June
                   2012 ................................................................ 14

             iii.  Plaintiffs Did Not Waive Their Right to Enforce the Forum
                   Selection Clause by Opposing Defendant's California
                   Action. ............................................................. 16

             iv.   Defendant's Personal Objection to Venue is Irrelevant. ............. 17

III.   THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT
       AND VENUE IS PROPER AS TO EACH OF PLAINTIFFS' CLAIMS. ......... 18

IV.    THE CALIFORNIA ACTION HAS NO BEARING ON THIS COURT'S
       JURISDICTION. ...................................................................... 19

       A.    Legal Standard on a Motion Under Rule 13(a) .......................... 19

       B.    The Forum Selection Clause Trumps Any Alleged Obligation By
             Plaintiffs to Assert Compulsory Counterclaims. ....................... 20

       C.    Plaintiffs' Were Not Required to Bring Claims in the California
             Action That Were Not Compulsory Counterclaims. ..................... 21

V.     DEFENDANT HAS FAILED TO ESTABLISH BY "CLEAR AND
       CONVINCING" EVIDENCE THAT SHE IS ENTITLED TO DISMISS
       OR TRANSFER THIS ACTION BASED ON FORUM NON-
       CONVENIENS. ...................................................................... 22

# TABLE OF CONTENTS
(continued)

**Page**

A.   The Doctrine of Forum Non Conveniens Does Not Apply to This
Case.................................................................................................. 22

B.   Even if Defendant had Properly Moved Under 28 U.S.C. §
1404(a), There are no Grounds for Transfer or Dismissal..................... 23

CONCLUSION............................................................................................ 25

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adamson v. Dataco Derex, Inc.*,
178 F.R.D. 562 (D. Kan. 1998)........................................................................22

*Adhesives Research, Inc. v. Newsom*,
No. 15-0326, 2015 WL 1638557 (M.D. Pa. Apr. 13, 2015)................................14

*Akers Biosciences, Inc. v. Martin*,
No. 14-8241, 2015 WL 1054971 (S.D.N.Y. Mar. 10, 2015)...............................24

*Allianz Global Corporate & Specialty v. Chiswick Bridge*,
No. 13-7559, 2014 WL 6469027 (S.D.N.Y. Nov. 17, 2014).................................17

*Am. Dredging Co. v. Miller*,
510 U.S. 443 (1994)........................................................................................23

*Atlantic Marine Construction. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
134 S. Ct. 568 (2013) ............................................................................. passim

*Brodsky v. Match.com LLC*,
No. 09-5328, 2009 WL 3490277 (S.D.N.Y. Oct. 28, 2009)..................................7

*Colliton v. Cravath, Swaine & Moore LLP*,
No. 08-0400, 2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008) ...............................15

*Corinthian Media, Inc. v. Yelsey*,
No. 92-0109, 1992 WL 47546 (S.D.N.Y. Mar. 5, 1992)...........................12, 13, 14

*Currie Med. Specialties, Inc. v. Bowen*,
136 Cal. App. 3d 774, 186 Cal. Rptr. 543 (1982)...............................................19

*Delaney v. Town Sports Int'l, LLC*,
No. 14-150099, 2014 N.Y. Misc. LEXIS 2537 (Sup Ct. N.Y. Cnty. June 4, 2014)................8

*Dentsply Int'l Inc. v. Benton*,
965 F. Supp. 574 (M.D. Pa. 1997). Def. Mem., p. 17......................................13, 14

*Di Simone v. CN Plumbing, Inc.*,
No. 13-5088, 2014 WL 1281728 (E.D.N.Y. Mar. 31, 2014)................................15

*Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*,
No. 99-10550, 2000 WL 1277597 (S.D.N.Y. Sept. 7, 2000) ...............................10

*Effron v. Sun Line Cruises, Inc.*,
   67 F.3d 7 (2d Cir. 1995)..........................................................................................7

*Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*,
   No. 09-3573, 2010 WL 3743826 (S.D.N.Y. Sept. 24, 2010) ......................................13, 17, 18

*FTI Consulting, Inc. v. Graves*,
   No. 05-6719, 2007 WL 2192200 (S.D.N.Y. July 31, 2007).....................................10

*Gen. Elec. Capital Corp. v. Mehta*,
   No. 01-11259, 2002 WL 511553 (S.D.N.Y. Apr. 4, 2002) ..........................7, 8, 14, 19

*Goldman Marcus, Inc. v. Goldman*,
   No. 99-1130, 2000 WL 297169 (S.D.N.Y. Mar. 21, 2000).....................................21

*Gulf Ins. Co. v. Glasbrenner*,
   417 F.3d 353 (2d Cir. 2005)....................................................................................6

*Horton v. Concerns of Police Survivors, Inc.*,
   62 A.D.3d 836, 878 N.Y.S.2d 793 (2d Dep't 2009) ...............................................17

*Innovative Display Technologies LLC v. Microsoft Corp.*,
   No. 13-00783, 2014 WL 2757541 (E.D. Tex. June 17, 2014)................................20

*Int'l Bus. Machines Corp. v. Martson*,
   37 F. Supp. 2d 613 (S.D.N.Y. 1999)........................................................................12

*Jones v. Ford Motor Credit Co.*,
   358 F.3d 205 (2d Cir. 2004)...............................................................................19, 21

*Karl Koch Erecting Co. v. New York Convention Center Development Corp.*,
   838 F.2d 656 (2d Cir. 1988)....................................................................................20

*Koninklijke Philips Electronics v. Digital Works, Inc.*,
   358 F. Supp. 2d 328 (S.D.N.Y. 2005)......................................................................18

*Martinez v. Bloomberg LP*,
   740 F.3d 211 (2d Cir. 2014)...........................................................................7, 11, 12

*Montoya v. Cousins Chanos Casino, LLC*,
   34 Misc. 3d 1211(A), 2012 WL 118475 (Sup. Ct., N.Y. Cnty. 2012)....................10

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
   599 F.3d 102 (2d Cir. 2010)....................................................................................23

*Palm Beach Strategic Income, LP v. Salzman*,
   No. 10-261, 2011 WL 1655575 (E.D.N.Y. May 2, 2011) *aff'd*, 457 F. App'x 40 (2d
   Cir. 2012) .............................................................................................................15

*Phillips v. Audio Active Ltd.*,
494 F.3d 378 (2d Cir. 2007).............................................................................7

*Publicis Commc'n v. True North Commc'ns Inc.*,
132 F.3d 363 (7th Cir. 1997) ........................................................................20

*Recurrent Capital Bridge Fund I, LLC v. ISR Sys. & Sensors Corp.*,
875 F. Supp. 2d 297 (S.D.N.Y. 2012).................................................6, 14, 15

*Reynolds v. Xerox Educ. Servs., LLC*,
No. 13-1003, 2013 WL 5303797 (S.D.N.Y. Sept. 20, 2013) ........................23

*Rosen v. Ritz-Carlton Hotel Co. LLC*,
No. 14-1385, 2015 WL 64736 (S.D.N.Y. Jan. 5, 2015) ..............................23

*Spencer v. Banco Real, S.A.*,
623 F. Supp. 1008 (S.D.N.Y. 1985)..............................................................22

*Tulepan v. Roberts*,
No. 14-8716, 2014 WL 6808313 (S.D.N.Y. Dec. 3, 2014) .................17, 24, 25

*U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras*,
No. 98-3099, 2001 WL 300735 (S.D.N.Y. Mar. 27, 2001).........................21

*United Consumers Club, Inc. v. Prime Time Marketing Mgmt., Inc.*,
No. 07-358, 2008 WL 2572028 (N.D. Ind. June 25, 2008).........................20

*United States v. Eisenberg*,
No. 06-781, 2008 WL 2605125 (S.D.N.Y. June 30, 2008) ...........................7

*Wachovia Bank Nat. Ass'n v. EnCap Golf Holdings, LLC*,
690 F. Supp. 2d 311 (S.D.N.Y. 2010)...........................................................16

*Walker, Truesdell, Roth & Assocs., Inc., v. Globeop Fin. Servs. LLC*,
43 Misc. 3d 1230(A), 2013 WL 8597474 (Sup. Ct., N.Y. Cnty. 2013)..................8

*Warnaco Inc. v. VF Corp.*,
844 F. Supp. 940 (S.D.N.Y. 1994) ................................................................9

*Weber v. Fujifilm Med. Sys. U.S.A., Inc.*,
No. 10-401, 2011 WL 781172 (D. Conn. Feb. 28, 2011)............................22

*Weingard v. Telepathy, Inc.*,
No. 05-2024, 2005 WL 2990645 (S.D.N.Y. Nov. 7, 2005).....................8, 10

*Worlds v. Nat'l R.R. Passenger Corp.*,
No. 84–10027, 1988 WL 139252 (N.D. Ill. Dec. 22, 1988)........................22

**STATUTES**

28 U.S.C. §1404(a) ..................................................................................................14, 23, 24

28 U.S.C. § 1441(a) ...........................................................................................................3, 4

California Code of Civil Procedure section 426.30 .............................................................20

**OTHER AUTHORITIES**

6 Charles Alan Wright et al., Federal Practice & Procedure §1412 (3d ed.)..............................20

Fed. R. Civ. P. 8(a) ..............................................................................................................15

Fed. R. Civ. P. 8(e) ..............................................................................................................15

Fed. R. Civ. P. 12(b)(2).........................................................................................................6

Fed. R. Civ. P. 12(b)(3).........................................................................................................6

Fed. R. Civ. P. 13(a) .......................................................................................................19, 20

Plaintiffs ErGo Media Capital, LLC ("ErGo Media") and Erik H. Gordon ("Mr. Gordon") (together, "Plaintiffs") submit this memorandum of law in opposition to Defendant Lotti Bluemner's ("Defendant" or "Bluemner") motion to dismiss for lack of personal jurisdiction and improper venue, or, in the alternative, to dismiss or transfer venue for *forum non conveniens*.

## PRELIMINARY STATEMENT

This case arises out of Defendant's past and continued breach of the Confidentiality and Non-Disclosure Agreement ("Non-Disclosure Agreement" or "NDA") she entered into with Mr. Gordon, as well as her other related unlawful conduct. Because Defendant's receipt and protection of Mr. Gordon's sensitive confidential information was essential to her position as his personal assistant, she knowingly and voluntarily consented to the NDA as a condition of her employment. By accepting the terms of the NDA, Defendant agreed that she would not use or disclose confidential information concerning Mr. Gordon in any manner inconsistent with her obligations under the Agreement. Critically, Defendant also expressly agreed that this Court would have jurisdiction over the parties in any action to enforce the terms of the NDA, including, as here, in the event of any breach.

Faced with controlling authority from the Supreme Court, the Second Circuit, and numerous courts in this District which have consistently enforced forum selection clauses like the one in the parties' NDA, Defendant resorts to a "kitchen sink" of irrelevant and disparaging arguments about Plaintiffs' conduct in this case and in an unrelated action between the parties in California. Each of these arguments, however, is readily answered by the inescapable and binding fact that Defendant expressly consented to venue and jurisdiction in this Court.

1

Initially, Defendant asks this Court to ignore her contractual consent because she claims to have executed the NDA in April 2012, shortly before beginning her employment.  Relying on this flawed premise, Defendant further claims that Plaintiffs amended their initial complaint—which they were permitted to do as a matter of *right*—to "plead around" Defendant's alleged start date.  Defendant is wrong as a matter of law and fact.  Under the law in this Circuit, forum selection clauses are fully enforceable even if signed after the employment relationship has commenced.  Consequently, Defendant's start date has no bearing on this Court's jurisdiction over Plaintiffs' claims. Moreover, Defendant's reckless accusations about the reasons for correcting the Complaint ignore the documents that Defendant has now produced (after the initial complaint was drafted) that confirm that Defendant began her employment no earlier than late May 2012.

Because the parties' choice of forum must be enforced, Defendant's remaining arguments can also be dismissed.  Defendant's consent to the forum selection clause establishes sufficient contacts with New York for purposes of both jurisdiction and venue with respect to each of Plaintiffs' claims, and Defendant has likewise waived any and all objections to this venue. Although Defendant contends that she would be inconvenienced and burdened by the enforcement of the forum selection clause, the Supreme Court has recently held that such personal or "private" considerations have no place here.  In any event, as explained below, litigating in this Court presents no obstacle or prejudice to Defendant.

Finally, Defendant's lawsuit in California is not, as she alleges, a mirror image of this action.  Far from it: the California action alleges statutory discrimination claims against Plaintiffs and thus involves different alleged facts being litigated under different legal theories.  But even if Plaintiffs' claims are compulsory counterclaims as Defendant alleges, the valid forum selection

clause requires that they be brought in New York and this Court remains an appropriate forum for the instant dispute.

## PROCEDURAL HISTORY

*California Action*

On February 28, 2014, Defendant filed a civil action against Plaintiffs in the Superior Court of the State of California for the County of Los Angeles, alleging pregnancy discrimination, harassment and wrongful termination in violation of various California laws. *See* Declaration of Lotti Bluemner (Dkt. No. 26), Ex. B ("California Complaint"). Defendant's California Complaint makes no reference to the parties' Non-Disclosure Agreement or her obligations thereunder. *Id.* On February 26, 2015, ErGo and Mr. Gordon timely removed the California Action to the U.S. District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a).

*New York Action*

On February 25, 2015, Plaintiffs filed this action against Defendant for breach of contract and other unlawful abuses of her position of trust and confidence as Mr. Gordon's personal assistant. *See* Dkt. No. 1. On April 23, 2015, Plaintiffs' timely filed an Amended Complaint, asserting claims of unlawful conduct that occurred both before and *after* the termination of her employment. *See* Dkt. No. 20 (Amended Complaint) ("Am. Compl."). Specifically, Defendant violated the Non-Disclosure Agreement by: (1) unnecessarily and maliciously disclosing personal and private information regarding Mr. Gordon's family and personal relationships, spending habits, property ownership, and travel destinations; (2) misusing Mr. Gordon's private credit card information for Defendant's own personal benefit and to Mr. Gordon's detriment; (3) failing to return Confidential Information (as defined in the NDA) concerning Mr. Gordon that, upon information and belief, is contained on the computer laptop provided to Defendant for use

as Mr. Gordon's personal assistant and which she has failed to return; and (4) misusing and disclosing Confidential Information about Mr. Gordon's real estate interests by, upon information and belief, requesting kick-backs from real estate agents with whom Defendant was obligated to negotiate solely for Mr. Gordon's benefit.  *Id.*  ¶¶56-61.  Defendant also breached related common law obligations by engaging in the kick-back scheme described above, failing to return the laptop computer, and purchasing personal items with Mr. Gordon's credit card without his permission or authorization.  *Id.*  ¶¶62-78.[1]

## STATEMENT OF FACTS

### I.  DEFENDANT EXECUTES THE NON-DISCLOSURE AGREEMENT.

Mr. Gordon and Defendant became social acquaintances in or about 2010 after being introduced by a mutual friend.  *See* Declaration of Erik H. Gordon ("Gordon Decl.") ¶2.  During a visit by Mr. Gordon to Los Angeles in or about mid-May 2012, Mr. Gordon and Defendant discussed for the first time the possibility of Defendant becoming his personal assistant.  Gordon Decl. ¶3.  In or around mid-May 2012, Mr. Gordon offered Defendant a position as his personal assistant.  Gordon Decl. ¶4.  Before Defendant began her employment, Mr. Gordon informed Defendant that her offer of employment was contingent on her executing a Non-Disclosure Agreement and the successful completion of a pre-employment screening.  *See* Gordon Decl. ¶¶4-5.  On May 30, 2012, Defendant provided Mr. Gordon with her bank account information for payroll (direct deposit) purposes.  *See* Gordon Decl. ¶6, *see also* Gordon Decl. Exhibit ("Ex") A.  During her employment, Defendant was paid through ErGo, which is Mr. Gordon's company.  Am. Compl.  ¶¶12, 34.  As requested, on May 31, 2012, Defendant emailed Mr.

---

[1] Mr. Gordon also alleged that Defendant's California Complaint included false, malicious and defamatory statements about him.  Am. Compl. ¶¶79-89.  Although Plaintiffs stand by the substance of their allegations as to Defendant's defamatory statements, they intend to contact Defendant's counsel to request a stipulation to Plaintiffs' voluntary withdrawal of the defamation claim, without prejudice.  Accordingly, this Court need not address any of Defendant's arguments about the defamation claim.

Gordon her personal information required for her pre-employment screening. *See* Gordon Decl. ¶7; Ex. B.   As reflected in Defendant's own contemporaneous communications and other records, her employment relationship with Plaintiffs began no earlier than May 29, 2012—the date her friend refers to as Defendant's first day of work. *See* Gordon Decl. ¶8; Exs. C, D.  On May 30, 2012, before Defendant had completed her required new hire paperwork, she executed the NDA. *See* Gordon Decl. ¶9; Am. Compl. Ex. A.[2]

By executing the NDA, Defendant expressly consented to personal jurisdiction and venue in this Court, as follows:

> Each party hereto irrevocably and unconditionally consents to the jurisdiction of the courts of the State of New York located in the borough of Manhattan and of the United States of America sitting in the Southern District of New York, in any action to enforce, interpret or construe any provision of this Agreement, and also hereby irrevocably waives any defense of improper venue or *forum non conveniens* to any such action brought in either of those courts.   Each party further irrevocably agrees that any action to enforce, interpret or construe any provision of this Agreement will be brought only in either of those courts and not in any other court.

*See* Am. Compl. Ex. A, at p. 3.

---

[2] In her *sworn* declaration in support of her initial motion to dismiss, Defendant stated that her employment began in mid-May 2012.  *See* Dkt. No. 8, ¶¶5, 7, 14.  In her sworn declaration dated May 14, 2015, she changed her employment start date to the end of April 2012, *see* Dkt. No. 26, ¶ 5, but failed to revise other paragraphs which still state that her start date was mid-May 2012.  *Id.*, ¶¶7, 14.  Defendant's unexplained revisions are contrary to the contemporaneous record evidence described above.  Given the clearly disputed facts regarding Defendant's employment start date, undersigned counsel reached out to counsel for Defendant and suggested that this motion be adjourned or extended until after discovery could be taken on this point.  *See* Affidavit of Christopher A. Parlo, Esq. ("Parlo Aff.") ¶4. Unfortunately, Defendant would not agree to do so and insisted that Plaintiffs file this opposition. *Id.*

## ARGUMENT

**I.      LEGAL STANDARD UNDER 12(b)(2) AND 12(b)(3).**

Defendant appears to challenge this Court's jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure Rule and venue under Rule 12(b)(3).[3]  If the Court relies on the pleadings and the parties' affidavits, Plaintiffs need only make a *prima facie* showing that the Court possesses personal jurisdiction over Defendant and that venue is proper.  *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (applying same standard for motion to dismiss for lack of personal jurisdiction to motion to dismiss for improper venue).   In determining whether Plaintiffs have met this modest burden, the Court "must credit [Plaintiffs'] factual averments as true." *Recurrent Capital Bridge Fund I, LLC v. ISR Sys. & Sensors Corp.*, 875 F. Supp. 2d 297, 304 (S.D.N.Y. 2012).  "[A]ll allegations are construed in the light most favorable to" Plaintiffs and "doubts are resolved in [Plaintiffs'] favor, notwithstanding a controverting presentation by" Defendant. *Id.,* quoting *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79–80 (2d Cir. 1993).

**II.      THE FORUM SELECTION CLAUSE MUST BE ENFORCED.**

In *Atlantic Marine Construction. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013), the Supreme Court reaffirmed the strong federal public policy supporting the enforcement of forum selection clauses, finding that "[i]n all but the most unusual cases . . . the interest of justice is served by holding parties to their bargain . . ."   Accordingly, a forum selection clause is presumptively enforceable where: (1) the clause was reasonably communicated to the party challenging enforcement; (2) the clause is mandatory rather than permissive in nature; and (3) the claims and parties involved in the suit are subject to the forum

---

[3]  Defendant's Notice of Motion cites generically to "Rule 12(b)." *See* Dkt. No. 27.  As such, Plaintiffs assume for purposes of this opposition that Defendant purports to bring her motion under Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, but do not concede that Defendant has moved under proper procedural grounds.

selection clause.  *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014); *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007).  If these conditions are met, the clause must be enforced unless the challenging party makes a "sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez*, 740 F.3d at 217-219 (affirming enforcement of forum selection clause that required plaintiff to litigate employment-related discrimination claims in England).[4]

Defendant cannot meet this heavy burden and the forum selection must be enforced.

## A.    The Forum Selection Clause Was Reasonably Communicated to Defendant.

The entire NDA is less than three pages long and the forum selection clause itself is contained in a separate, stand-alone paragraph on the execution page.  The forum selection clause also sets forth Defendant's agreement to this Court's jurisdiction in unambiguous language printed in easily readable typeface.  As such there can be no valid challenge to Defendant's receipt of the NDA and forum selection clause. *See Gen. Elec. Capital Corp. v. Mehta*, No. 01-11259, 2002 WL 511553, at *2 (S.D.N.Y. Apr. 4, 2002) (denying *pro se* defendants' motion to dismiss for lack of personal jurisdiction and improper venue after finding that forum selection clause contained in two-page agreement and set off in separate paragraph was "eminently reasonable"). *Cf. Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9–10 (2d Cir. 1995) (forum selection clause appearing in fine print was reasonably communicated).

Although Defendant claims that she did not read the NDA before signing it (*see* Dkt. No. 26, ¶7), under New York law a party who signs an agreement is presumed to have read and

---

[4] Questions of interpretation related to the first three elements of the forum selection analysis are governed by New York law pursuant to the NDA's choice of law clause. *Martinez*, 740 F.3d at 223-24. Like the federal courts, "New York has a strong public policy of enforcing forum selection clauses so that parties are able to rely on the terms of the contracts they make." *Brodsky v. Match.com LLC*, No. 09-5328, 2009 WL 3490277, at *4 (S.D.N.Y. Oct. 28, 2009) (citations omitted).  Tellingly, Defendant's motion does not challenge the forum selection clause under the first three elements of the forum selection analysis and Defendant should be precluded from doing so for the first time in her reply.  *See United States v. Eisenberg*, No. 06-781, 2008 WL 2605125, at *1 n.1 (S.D.N.Y. June 30, 2008) ("Arguments raised for the first time in a reply brief are generally not considered by the Court.").

consented to its terms.  *See, e.g.*, *Weingard v. Telepathy, Inc.*, No. 05-2024, 2005 WL 2990645, at *4 (S.D.N.Y. Nov. 7, 2005) (concluding that the signatory "is bound by the terms of the forum selection clause even if he did not take the time to read it because a signatory to a [contract] is presumed to have read, understood and agreed to be bound by all terms, including the forum selection clauses, in the documents he or she signed") (internal quotation marks and citations omitted); *Delaney v. Town Sports Int'l, LLC,* No. 14-150099, 2014 N.Y. Misc. LEXIS 2537 at *9 (Sup Ct. N.Y. Cnty. June 4, 2014) (forum selection clauses in contracts are *prima facie* valid and enforceable, and "a party is presumed to know the contents of an agreement it signed and to have assented to its terms").  Accordingly, by any measure, the forum selection was reasonably communicated to Defendant.

## B.  The Forum Selection Clause is Mandatory and Not Permissive.

By signing the NDA, Defendant *consented* to "the jurisdiction of the courts of the State of New York located in the borough of Manhattan and of the United States of America sitting in the Southern District of New York."  Am. Compl. Ex. A, at p. 3.  The clause further provides that "any action to enforce, interpret or construe any provision of this Agreement will be brought only in either of those courts and not in any other court."  *Id.* Numerous courts in the Second Circuit and New York have easily found that similar language compels mandatory jurisdiction in the selected forum.  *See, e.g., Mehta*, 2002 WL 511553, at *1 (enforcing forum selection clause against Texas residents who consented to the "jurisdiction of the courts of the State of New York and any federal court located in such state" and also "waive[d] any objections based on venue or *forum non conveniens* in connection with any such action or proceeding"); *Walker, Truesdell, Roth & Assocs., Inc., v. Globeop Fin. Servs. LLC*, 43 Misc. 3d 1230(A), 2013 WL 8597474 (Sup. Ct., N.Y. Cnty. 2013) ("The Courts have repeatedly found forum selection clauses mandatory if they provide that a specified forum 'shall' hear a matter or that the forum is 'exclusive.'").

### C.     The Forum Selection Clause Applies to Plaintiffs' Claims.

Defendant agreed to the terms of the NDA as a material condition of her employment, gained access to sensitive Confidential Information regarding Mr. Gordon she never would have had but for that agreement, and then violated her position of trust and confidence when she divulged and misused the Confidential Information.   Plainly, the NDA is at the core of Defendant's employment relationship with Mr. Gordon.   Because Defendant's relationship to Mr. Gordon as his personal assistant stems from the NDA, Defendant's consent to venue and personal jurisdiction in this Court under the forum selection clause applies with equal force to Plaintiffs' claims for breach of contract, breach of duty of loyalty, and conversion.  *See Warnaco Inc. v. VF Corp.*, 844 F. Supp. 940, 949 (S.D.N.Y. 1994) (holding that forum selection clause applied to common law claims for unfair competition and *prima facie* tort because they involved rights and duties arising out of agreement containing forum selection clause, the parties' entire business relationship stemmed from the agreement, and alleged misconduct "was made possible only or principally" because of the agreement).

The centrality of the NDA to the parties' relationship is affirmed in the agreement itself, which provides that Defendant, as a "condition of and necessary to" her employment, would be exposed to Confidential Information about Mr. Gordon.  *See* Am. Compl. Ex., p. 1.  Defendant also agreed that the NDA "sets forth the entire agreement and understanding . . . with respect to [her] relationship" with Mr. Gordon.  *Id.*, p. 3.   Indeed, because Defendant's receipt and protection of sensitive Confidential Information about Mr. Gordon was essential to her position, she was obligated to consent to the NDA as a condition of being hired.  Gordon Decl. ¶¶4-5.

In short, but for Defendant's voluntary consent to the NDA, she would not have entered into her employment relationship with Mr. Gordon, had access to Mr. Gordon's confidential information, or otherwise had the opportunity to engage in any of the misconduct that is the

subject of Plaintiffs' claims. *Weingard*, 2005 WL 2990645, at *4 (a forum selection clause will apply to common law claims that "grow out of the [parties'] contractual relationship" ) (citations and internal quotation marks omitted); *Montoya v. Cousins Chanos Casino, LLC*, 34 Misc. 3d 1211(A), 2012 WL 118475 (Sup. Ct., N.Y. Cnty. 2012) (recognizing that courts have broadly construed forum selection clauses to apply to tort claims that "arise out of the [parties'] business relationship" and that holding that plaintiffs "closely related" to signatory had standing to enforce forum selection clause), citing *Direct Mail Prod. Servs. Ltd. v. MBNA Corp.*, No. 99-10550, 2000 WL 1277597, at *6 (S.D.N.Y. Sept. 7, 2000) (construing forum selection clause to encompass tort claims after surveying case law and concluding that forum selection clauses will broadly apply to tort claims that ultimately depend on the existence of a contractual relationship between the parties, or if resolution of the claims relates to interpretation of the contract, or if the claims involve the same operative facts as a parallel claim for breach of contract) (citations omitted). *Accord FTI Consulting, Inc. v. Graves*, No. 05-6719, 2007 WL 2192200, at *10 (S.D.N.Y. July 31, 2007) (because the defendant's employment agreement memorialized the relationship that gave rise to the employer's claim of breach of loyalty, that claim sounded in contract and likewise fell within agreement's choice of law clause).

Accordingly, the forum selection clause applies to each of Plaintiffs' causes of action.

### D.  Defendant Cannot Meet Her "Heavy Burden" of Establishing That the Forum Selection Clause is Unenforceable.

Because the forum selection clause is presumptively enforceable, it must be enforced absent a "sufficiently strong showing" that: (1) its incorporation into the NDA was the result of "fraud or overreaching"; (2) the law to be applied in this forum is fundamentally unfair; (3) enforcement would contravene a strong public policy of the forum; or (4) trial in this forum will be so difficult and inconvenient that Defendant will effectively be deprived of her day in court.

*Martinez*, 740 F.3d at 227-28 (citations omitted).  Defendant cannot meet this "heavy burden." *Id.* at 219.

Leaning principally on a case from the Middle District of Pennsylvania decided almost 20 years ago, Defendant initially argues that the forum selection clause is unenforceable because it was executed shortly after she began her employment.  Def. Mem., at pp. 17-18.  This position, however, is contrary to law in this Circuit and the strong presumption of enforceability recently confirmed by the Supreme Court in *Atlantic Marine*.  As discussed below, forum selection clauses entered into AFTER an employment relationship has begun are routinely enforced.

Nevertheless, Defendant's irrelevant focus on whether she signed the agreement a week before or after she started work has resulted in her:  (1) claiming that the Plaintiffs have now "plead around" the original complaint to assert an earlier start date (*id.* at p.  19); and (2) submitting a new sworn declaration in support of her motion that has a start date two weeks earlier than she previously asserted.  *Compare* Dkt. No. 8, ¶5 ("In or around the middle of the month of May, 2012, I began work for Plaintiff ERIK H. GORDON") *with* Dkt. No. 29, ¶5 ("In or about the end of April, 2012, I began work for Plaintiff ERIK H. GORDON").  However, as discussed below, none of these dates control any issue in this case as the NDA is valid regardless of whether it was entered into in April or May or June of 2012.

Finally, Defendant argues that Plaintiffs somehow waived their right to enforce the forum selection clause by defending the unrelated employment discrimination action in California.  As a matter of law, however, this argument is without merit as forum selection clauses cannot be waived under the circumstances present here.

i.   *Defendant's Start Date is Irrelevant to the Enforceability of the Forum Selection Clause.*

It is of no moment whether Defendant began working in or about June 2012 after she executed the Non-Disclosure Agreement on May 30, 2012 (Am. Compl. ¶19), in the middle of May 2012 as she originally claimed (Dkt. No. 8, ¶5), or in April 2012 as she now claims for the first time (Dkt. No. 29, ¶5).   Courts in this Circuit routinely enforce forum selection clauses introduced after the employment relationship has commenced, and Defendant has not alleged any facts or presented any case law that would compel the Court to depart from this long-standing authority.   *See, e.g., Martinez*, 740 F.3d at 214-15 (affirming enforceability of forum selection clause contained in employment agreement presented to employee five years after he commenced his employment); *Int'l Bus. Machines Corp. v. Martson*, 37 F. Supp. 2d 613, 617 (S.D.N.Y. 1999) ("Martson's only argument [that the forum selection clause is unenforceable] is that he was required to agree to jurisdiction and venue subsequent to [his] initial employment by IBM. That may be true, but it is neither fraudulent nor overreaching.   Thus, the forum selection clause is enforceable . . ."); *Corinthian Media, Inc. v. Yelsey*, No. 92-0109, 1992 WL 47546, at *3 (S.D.N.Y. Mar. 5, 1992) (denying motion to dismiss for improper forum and lack of personal jurisdiction after finding that defendant-employees agreed to valid forum selection clause contained in confidentiality agreement; employees' allegation "that they only signed the agreements under the threat of losing their jobs" did not render clause enforceable).

In *Brooks v. Batesville Casket Co.*, the district court rejected the same arguments offered by Defendant.   No. 11-731, 2011 WL 3837089, at *3-4 (D. Conn. Aug. 30, 2011).   There, the employee was presented with an employment agreement containing a forum selection clause nine days after she began her employment—roughly the same timeframe alleged in Defendant's original declaration—and a second agreement about 21 months later.   *Id.* at *3.   The court held

that neither clause was procured by overreaching despite the employee's claims that she did not have an opportunity to negotiate the agreements and that she "had to sign [them] if [she] wanted" to keep her job.  *Id.* at *3-4.

To the extent that Defendant is alleging that she did not have an opportunity to negotiate the terms of the NDA, that claim, even if true, also would not disturb the enforceability of the forum selection clause.  *See Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*, No. 09-3573, 2010 WL 3743826, at *8 (S.D.N.Y. Sept. 24, 2010) (individual defendant's claim that that he did not have an "opportunity to negotiate the terms of the agreements ... and that the agreements were presented on an 'as is basis'" were not sufficient to establish fraud or overreaching).

Defendant fails to acknowledge this substantial authority that directly negates her arguments.  Instead, she relies exclusively on inapposite cases from outside the Second Circuit, starting with *Dentsply Int'l Inc. v. Benton*, 965 F. Supp. 574 (M.D. Pa. 1997).  Def. Mem., p. 17. In *Dentsply,* the court concluded that "generally a forum selection clause should not be enforced" because the "employer-employee relationship is so inherently unequal."  *Id.* at 579.  Not only is that reasoning squarely at odds with the authority in this Circuit, but key facts distinguish *Dentsply* from this case:  namely, that the employee had been in his position for several *years* when he was presented with the forum selection clause (*id.* at 575), as opposed to the few *weeks* now claimed by Defendant in her dueling declarations (*see* Dkt. No. 29, ¶5, Dkt. No. 8, ¶5). Defendant cannot credibly claim that a two-week old employment relationship was "inherently unequally," especially given that there is no evidence she gave up or passed on some other employment opportunity to accept her position.[5]

---

[5] That Defendant did not forgo another employment opportunity is one of the many reasons that her reliance on *Nelson v. Master Lease Corp.* is also misplaced.  Def. Mem., p. 18.  Unlike here, the party opposing enforcement of the forum selection clause in *Nelson* left her previous position in order to accept new employment.  *Nelson*, 759 F. Supp. 1397, 1402 (D. Minn. 1991).  Moreover, following the Supreme Court's decision in *Atlantic Marine*, the focus of the court in *Nelson* on the parties' "private interests," including their alleged unequal bargaining power (*id.*

Just last month the Middle District of Pennsylvania further eroded any relevance *Dentsply* may have had when the court concluded that its core holding in that opinion "strayed from the rules governing overreach" because it failed to examine whether the forum selection clause *itself* was the product of overreach and whether the employer had actually exploited any bargaining power. *Adhesives Research, Inc. v. Newsom*, No. 15-0326, 2015 WL 1638557, at *4 (M.D. Pa. Apr. 13, 2015) (enforcing Pennsylvania forum selection clause presented to California-based employee over eleven years after she commenced employment). Indeed, Defendant's failure to allege specifically that the forum selection clause itself was procured by coercion or fraud (as opposed to the NDA as a whole) is yet another reason why her motion must be denied. *See, e.g.*, *Corinthian Media*, 1992 WL 47546, at *2 (party challenging forum selection clause must show "the forum-selection clause itself resulted from coercion or fraud"), citing *Scherk v. Alberto–Culver Co.*, 94 S. Ct. 2449, 2457 n. 14 (1974); *Mehta*, 2002 WL 511553, *2 ("A party challenging a forum selection clause on the basis of fraudulent inducement must allege facts with respect to the specific clause, not the contract as a whole.").

### ii.   *Defendant Began Her Employment in or Around June 2012.*

Defendant expends considerable energy pointing out that Plaintiffs' Amended Complaint alleges that she began work "in or around June 2012," rather than April 2012 as originally pled. Based on this change, Defendant urges the Court to disregard Plaintiffs' allegations about her start date, Def. Mem., pp. 6, 19-20, which for the purposes of this motion must be accepted as true. *Recurrent*, 875 F. Supp. 2d at 304. But Defendant's fist pounding is all for naught:  for the

---

at 1401-02), in deciding whether to transfer the case under 28 U.S.C. §1404(a) is no longer permitted. *See* p. 24, *infra*.

reasons established above, even if Defendant commenced her employment in late April 2012 as she now alleges, the forum selection clause is enforceable.

Moreover, if the start date did matter, contemporaneous communications and records show that her employment relationship with Plaintiffs began no earlier than the week of May 29, 2012 (which is about as close to June as you can get). *See* pp. 4-5, *supra*. Indeed, at the time Defendant executed the NDA she was still in the process of completing her new hire paperwork. *Id.* Plaintiffs' amended allegations had nothing to do with the inapposite legal arguments in Defendant's original motion to dismiss, but rather were the result of a further factual investigation, including a review of documents and information that have come to light after the original complaint was filed. Such an amendment is expressly permitted under the Federal Rules of Civil Procedure, and the appropriateness of Plaintiffs' actions is confirmed by the very authority cited by Defendant. Def. Mem., p. 19-20 (citing *Streit v. Bushnell*, 424 F. Supp. 2d 633, 639 n.4 (S.D.N.Y. 2006) (denying defendant's request to disregard facts in plaintiff's amended complaint "as it [ran] against the letter and spirit of the flexible pleading standards embodied in Federal Rules of Civil Procedure 8(a) and 8(e) with regard to original complaints and Rule 15 as to amended pleadings")). *See also Di Simone v. CN Plumbing, Inc.*, No. 13-5088, 2014 WL 1281728, at *3 (E.D.N.Y. Mar. 31, 2014) (refusing to disregard amended pleadings where, as here, plaintiff explained basis for changes and there was no evidence plaintiff manipulated pleadings to avoid dispositive motion).[6]

---

[6] Plaintiffs' good faith and factually-supported explanation for their change to the Amended Complaint contrasts sharply with those egregious circumstances where courts have declined to consider a party's amended pleadings. *See Palm Beach Strategic Income, LP v. Salzman*, No. 10-261, 2011 WL 1655575, at *6–7 (E.D.N.Y. May 2, 2011) *aff'd*, 457 F. App'x 40 (2d Cir. 2012) (disregarding certain facts alleged in plaintiff's third amended complaint that "blatantly" contradicted facts alleged in three previous complaints and that were relied on in plaintiff's briefs opposing a previous motion to dismiss); *Colliton v. Cravath, Swaine & Moore LLP*, No. 08-0400, 2008 WL 4386764, at *13 (S.D.N.Y. Sept. 24, 2008) (disregarding amended facts alleged by disbarred attorney that "clearly lack[ed] reasonable evidentiary support" and that were  "concocted" in order to avoid dispositive defense).

### iii.   Plaintiffs Did Not Waive Their Right to Enforce the Forum Selection Clause by Opposing Defendant's California Action.

In light of the "strong public policy" favoring enforcement of forum selection clauses, a forum selection clause cannot be waive unless a party demonstrates "a clear indication of intent" to waive its enforcement.   *Wachovia Bank Nat. Ass'n v. EnCap Golf Holdings, LLC*, 690 F. Supp. 2d 311, 327-28 (S.D.N.Y. 2010).   Here, Defendant frivolously argues that Plaintiffs waived their right to enforce the forum selection clause by opposing Defendant's statutory employment discrimination claims in the California Action.   Def. Mem. p. 5-6 (citing *Wachovia Bank*).   However, in *Wachovia Bank*, the lone case cited by Defendant in support of her "waiver" argument," Judge Crotty concluded that even "when a party disregards a forum selection clause and sues on a contract in an unauthorized forum, it waives the forum selection clause *only for the specific claim it pursues*."  *Id.*, 690 F.Supp.2d at 328 (emphasis added).   Reasoning that the party seeking to enforce the forum clause, Bank of New York Mellon ("BNY"), was "entitled to defend itself" in a prior adversary proceeding commenced by the plaintiff, the court held that BNY did NOT waive its right to enforce a contractual forum selection clause by asserting counterclaims.   *Id.* at 328-29.

Defendant also has no factual basis for claiming waiver under *Wachovia Bank* or any other applicable authority.   She concedes that Plaintiffs did not assert *any* claims or counterclaims in the California Action, Def. Mem., at pp. 8-9, and even if they had that would not preclude them from enforcing the forum selection clause in this Court as to the claims tied to that agreement.  *Wachovia Bank*, 690 F. Supp. 2d at 328.   Nor were Plaintiffs required to attempt to enforce the forum selection clause with respect to Defendant's statutory employment discrimination claims under California law, which have no basis in the parties' NDA.   In fact, there was no reason at all for Plaintiffs to raise any objection in the California Action based on

the forum selection clause.   Under these circumstances, Defendant cannot prove, or even credibly argue, that Plaintiffs "repeatedly represented" that the California Action was an appropriate venue for the breach of NDA claims before this Court.  *Tulepan v. Roberts*, No. 14-8716, 2014 WL 6808313, at *2 (S.D.N.Y. Dec. 3, 2014) (finding no waiver as to specific claims pending in Southern District of New York even though plaintiff had previously filed "factually related" claims under the same contract in the Southern District of Florida).

### iv.   *Defendant's Personal Objection to Venue is Irrelevant.*

Defendant also alleges that she should be relieved of her obligations under the NDA because it will be difficult and inconvenient to litigate in this Court.  Def. Mem., at pp. 8-9.  The Supreme Court, however, has squarely rejected this very argument, holding that "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for the pursuit of [the] litigation."  *Atlantic Marine*, 134 S. Ct. at 582.  *See also Allianz Global Corporate & Specialty v. Chiswick Bridge*, No. 13-7559, 2014 WL 6469027, at *3 (S.D.N.Y. Nov. 17, 2014) (enforcing forum selection clause that required defendant to "[s]plit[] its litigation efforts between New York and Tokyo" in separate but "closely intertwined" cases; defendant's argument that enforcement would be "unduly costly and prejudicial" was exactly "the sort expressly rejected in *Atlantic Marine*").[7]

Moreover, Defendant does not even attempt to explain how, in this age of instantaneous and remote electronic communication, she will be unfairly burdened by the enforcement of the

---

[7] Even prior to *Atlantic Marine*, Defendant's alleged (and undocumented) financial hardships would not have been sufficient to overcome the strong presumption in favor of enforcing forum selection clauses.  *See, e.g.*, *Exp.-Imp. Bank of U.S.*, 2010 WL 3743826, at *9-10 (enforcing forum selection clause against individual defendant residing in Mexico despite his claims that litigating action in New York would impose substantial financial hardships); *Horton v. Concerns of Police Survivors, Inc.*, 62 A.D.3d 836, 837, 878 N.Y.S.2d 793, 794 (2d Dep't 2009) (plaintiff's claim that she was a single mother residing in New York did not excuse her from forum selection clause designating Missouri as forum).

forum selection clause.  Defendant's counsel has already appeared telephonically before the Court.  *See* Dkt. No. 15.  Indeed, "the Second Circuit—in the forum selection context—has recognized that physical appearance in court is not a prerequisite to having one's 'day in court.'" *Exp.-Imp. Bank of U.S.*, 2010 WL 3743826, at *9-10, citing *Effron*, 67 F.3d at 11 ("A plaintiff may have his 'day in court' without ever setting foot in a courtroom.").  Defendant also fails to acknowledge that Plaintiffs have already agreed to take her deposition in Los Angeles, at Plaintiffs' own travel expense.  *See* Parlo Aff. ¶5.  Thus, she provides no support at all for her irrelevant (under *Atlantic Marine*) protestations.

## III.   THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT AND VENUE IS PROPER AS TO EACH OF PLAINTIFFS' CLAIMS.

Although Defendant devotes considerable attention to purported due process concerns, the parties' valid and enforceable forum selection clause "establishes sufficient contacts with New York for purposes of jurisdiction and venue."  *Koninklijke Philips Electronics v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 333 (S.D.N.Y. 2005).  Thus, "it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process."  *Exp.-Imp. Bank of U.S.*, 2010 WL 3743826, at *4 (denying individual defendant's motion to dismiss for lack of personal jurisdiction in light of contractual forum selection clause) (citations omitted).

Further, by executing the NDA, Defendant also expressly waived any alleged defense of improper venue or *forum non conveniens* in this action.  *See, e.g., Koninklijke*, 358 F. Supp. 2d at 333 ("Although defendant maintains that New York does not have personal jurisdiction over it, defendant irrevocably waived its right to challenge personal jurisdiction and venue when it voluntarily consented and agreed to the forum selection clause provided for in the Agreement.").

For these reasons, Defendant's motion to dismiss for lack of personal jurisdiction and improper venue must be denied. *See Mehta*, 2002 WL 511553, at *2-3 (denying *pro se* defendants' motion to dismiss for improper venue and lack of *in personam* jurisdiction after finding that defendants consented to a valid forum selection clause; defendants' allegation that they had "no purposeful contacts" with New York was "irrelevant" because, as here, they "expressly consented to be sued in New York").

## IV.    THE CALIFORNIA ACTION HAS NO BEARING ON THIS COURT'S JURISDICTION.

Defendant's argument that Plaintiffs' claims must be dismissed because they are compulsory counterclaims fails for several reasons. *First*, even assuming, *arguendo*, that Plaintiffs' claims are compulsory, the parties' forum selection clause trumped any obligation to assert them in the California Action and this Court remains an appropriate forum for the instant dispute. *Second*, Plaintiffs' claims having no relationship to Defendant's statutory employment claims under California law cannot be compulsory, and thus Plaintiffs were not required to bring them in the California Action.

### A.    Legal Standard on a Motion Under Rule 13(a).

A claim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (citations and internal quotation marks omitted). This standard is only met when there is a "logical relationship" between the counterclaim and the main claim, such that the "essential facts of the claims [are] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.*[8]

---

[8] Defendant cites the Federal Rules of Civil Procedure and California procedural rules (but no case law) in arguing that Plaintiffs' claims are compulsory. Def. Mem., pp. 7-9. However, for the reasons stated herein, Defendant's argument fails under both provisions (which are in accord). *Currie Med. Specialties, Inc. v. Bowen*, 136 Cal. App. 3d 774, 777, 186 Cal. Rptr. 543, 545 (1982) (citing *Saunders v. New Capital for Small Businesses, Inc.*, 231 Cal.

**B.      The Forum Selection Clause Trumps Any Alleged Obligation By Plaintiffs to Assert Compulsory Counterclaims.**

Courts have consistently found that a forum selection clause operates as an agreement *not* to invoke any claim preclusion rights arising under Rule 13 where a counterclaim is not asserted in a forum other than the one chosen in the applicable contract.   Therefore, even if the Court were to find that Plaintiffs' claims are compulsory counterclaims that could have been brought in the California Action, Defendant's motion to dismiss must still be denied because Defendant agreed to this forum.  *See*, *e.g.*, *Publicis Commc'n v. True North Commc'ns Inc.*, 132 F.3d 363, 366 (7th Cir. 1997) (agreeing with Second Circuit's view that "a party to a forum-selection clause may not raise in a different forum, even as a compulsory counterclaim, a dispute within the scope of that clause . . . "), citing *Karl Koch Erecting Co. v. New York Convention Center Development Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (acknowledging that a party to a forum selection clause may not raise a compulsory counterclaim in a different forum); *Innovative Display Technologies LLC v. Microsoft Corp.*, No. 13-00783, 2014 WL 2757541, at *5 (E.D. Tex. June 17, 2014) (relying on *Publicis Commun'n* and *Koch* to conclude that "compulsory counterclaims do not trump" a forum selection clause); *United Consumers Club, Inc. v. Prime Time Marketing Mgmt., Inc.*, No. 07-358, 2008 WL 2572028 (N.D. Ind. June 25, 2008) (holding that forum selection clause operated as a waiver of defendant's objections to court's jurisdiction and venue with respect to alleged counterclaims not asserted by plaintiff in prior action).  *See also* 6 Charles Alan Wright et al., Federal Practice & Procedure §1412 (3d ed.) ("the need to uphold forum selection clauses alters the impact of the compulsory-counterclaim rule so that a party need not file a compulsory counterclaim in an improper forum to avoid having the claim

---

App. 2d 324 (1964)) (common transactions trigger application of California Code of Civil Procedure section 426.30 regarding compulsory counterclaims, which is a "parallel" provision to Rule 13(a)).

barred in a proper forum"). In short, Plaintiffs not only had every right to file this action in this Court, they were required to do so. *Accord U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras*, No. 98-3099, 2001 WL 300735, at \*16 (S.D.N.Y. Mar. 27, 2001) (citing with approval *Publicis Commun'n* and other decisions dismissing compulsory counterclaims filed in a venue outside the scope of a valid forum selection clause) (citations omitted).

### C.   Plaintiffs' Were Not Required to Bring Claims in the California Action That Were Not Compulsory Counterclaims.

Defendant alleges that Plaintiffs' breach of contract and common claims are compulsory because they "all arise out of the same facts" as her statutory employment discrimination claims in the California Action. Def. Mem, p. 8. Yet Defendant fails to support her conclusory analysis with a single authority, and applying her reasoning would produce absurd results. For example, Plaintiffs' claims for breach of contract and conversion include misconduct by Defendant that occurred *after* she was terminated from her employment. *See* Am. Compl. ¶¶33-34, 35-55. Defendant has not explained, and cannot explain, how publishing Confidential Information about Mr. Gordon's private relationships and her refusal to return computer materials belonging to Plaintiffs are at all related or necessary to resolve her allegations of employment discrimination. *Jones,* 358 F.3d at 209-10 (holding that defendant's debt collection claims related to same financing contracts that gave rise to plaintiffs' statutory discrimination claims were not compulsory because they concerned events entirely subsequent to the execution of financing contracts). The mere suggestion that the California Action contains information related to the history of "how the parties came to occupy their current adversarial positions" does not create a logical connection to the claims in this action. *Goldman Marcus, Inc. v. Goldman*, No. 99-1130, 2000 WL 297169, at \*6 (S.D.N.Y. Mar. 21, 2000) (holding that even though employer's

counterclaims shared a "root cause" with former employee's claims, they were not compulsory because, as here, there was no overlap in dispositive facts or proof).

Contrary to Defendant's motion, an employer's claims against a former employee, even those that arise from the employment relationship, are not *per se* compulsory, and particularly when the former employee's claims are limited to employment discrimination. *See, e.g.*, *Weber v. Fujifilm Med. Sys. U.S.A., Inc.*, No. 10-401, 2011 WL 781172, at *4 (D. Conn. Feb. 28, 2011) (holding that employer's counterclaims relating to employee's on-the-job misconduct were not compulsory with respect to employee's discrimination claims); *Adamson v. Dataco Derex, Inc.*, 178 F.R.D. 562, 565 (D. Kan. 1998) (employer's claim for misappropriation of trade secrets not compulsory where it had no legal or factual relationship to employee's discrimination claim); *Worlds v. Nat'l R.R. Passenger Corp.*, No. 84–10027, 1988 WL 139252, at *6 (N.D. Ill. Dec. 22, 1988) (dismissing counterclaim for check fraud because it was only tangentially related to plaintiff's statutory employment discrimination claim); *Spencer v. Banco Real, S.A.*, 623 F. Supp. 1008, 1012 (S.D.N.Y. 1985) (dismissing counterclaims for conversion, trespass, unfair competition, breach of fiduciary duty and tortious interference with business contracts because they bore "only some factual relationship with plaintiff's employment discrimination claim").

## V.  DEFENDANT HAS FAILED TO ESTABLISH BY "CLEAR AND CONVINCING" EVIDENCE THAT SHE IS ENTITLED TO DISMISS OR TRANSFER THIS ACTION BASED ON FORUM NON-CONVENIENS.

Hedging her bets, Defendant argues in the alternative that the Court should dismiss or transfer this action under the doctrine of *forum non conveniens*. But that branch of Defendant's motion also ignores black letter law and must be rejected.

### A.  The Doctrine of *Forum Non Conveniens* Does Not Apply to This Case.

To begin with, transfer for "forum non conveniens" is NOT the same thing as seeking a transfer from one district court to another—as completely different rules apply. Specifically, "it

22

is well established in this circuit that *forum non conveniens* only applies to transfers to foreign [i.e. non-US] venues." *Reynolds v. Xerox Educ. Servs., LLC*, No. 13-1003, 2013 WL 5303797, at *1 (S.D.N.Y. Sept. 20, 2013), citing *Dorfman v. Marriott Int'l Hotels, Inc.*, No. 99-10496, 2001 WL 69423, at *6 (S.D.N.Y. Jan. 29, 2001). *See also Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994) ("[T]he federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad.").

Here, Defendant proposes transferring this action not <u>outside</u> of the United States, but to another United States District Court, the Central District of California. *See* Def. Mem., p. 24. Her attempt to dismiss or transfer this case based on "*forum non conveniens*" must be rejected on this basis alone. *Reynolds*, 2013 WL 5303797, at *1 (holding that *forum non conveniens* is not an appropriate basis for dismissal or transfer when another federal district court is alleged to be a proper venue); *Rosen v. Ritz-Carlton Hotel Co. LLC*, No. 14-1385, 2015 WL 64736, at *1 (S.D.N.Y. Jan. 5, 2015) (same).

### B. Even if Defendant had Properly Moved Under 28 U.S.C. § 1404(a), There are no Grounds for Transfer or Dismissal.

When a party wishes to transfer a case from one federal district court to another, the appropriate vehicle for doing so is under 28 U.S.C. § 1404(a). Plaintiff, however, has not asserted that as the basis for her motion and so should be precluded from doing so in any reply. Moreover, under § 1404(a) the moving party "carries the 'burden of making out a strong case for transfer," and therefore must make a "clear and convincing" showing that transfer is appropriate." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 114 (2d Cir. 2010) (internal citations and quotation marks omitted). Defendant cannot meet that standard.

*First*, "Congress . . . has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Rosen*, 2015 WL 64736, at *1, quoting

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).  In other words, Defendant could not move to <u>dismiss</u> this case under 28 U.S.C. § 1404(a).  *Id.*

*Second*, following the Supreme Court's decision in *Atlantic Marine*, the "private interests" cited in Defendant's moving papers (Def. Mem., p. 23) are not relevant to the transfer inquiry.  *Tulepan*, 2014 WL 6808313, at *1, quoting *Atl. Marine,* 134 S. Ct. at 581-582.  *See also Akers Biosciences, Inc. v. Martin*, No. 14-8241, 2015 WL 1054971, at *5-6 (S.D.N.Y. Mar. 10, 2015) (rejecting individual defendant's argument that transfer was necessary for convenience of the parties and witnesses as foreclosed by *Atlantic Marine*).  Instead, the Court may only consider relevant "public-interest factors": principally, "the administrative difficulties flowing from court congestion," "the local interest in having localized controversies decided at home," and "the interest in having the trial of a diversity case in a forum that is at home with the law." *Tulepan*, 2014 WL 6808313*,* at *3.  "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."  *Id.*  at *1. *See also Akers Biosciences, Inc.*, 2015 WL 1054971, at *4 ("a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases"), quoting *Atl. Marine,* 134 S. Ct. at 579.

None of these factors counsel in favor of transfer to the Central District of California. *First,* no administrative difficulties will flow from having the parties' relatively basic and distinct disputes adjudicated by two courts.  Although Defendant complains that she will be subject to discovery in two actions, to the extent that there is any overlap in discovery or discovery has already taken place in the California Action, that factor weighs *against* transfer.  *Tulepan*, 2014 WL 6808313, at *2 (recognizing that parties in New York action would benefit from completion of discovery in related Florida action and that weighed against transfer).  *Second*, the straightforward breach of contract claim at the core of this dispute is (by contract) governed by

24

New York law, and should be decided by a court in that state.  *Third*, the parties' contractually-agreed upon choice of law provision also means that this Court, not the District Court in California, is "more at home with the law" most relevant to this case.  Finally, there are no overlapping claims between this action and Defendant's employment discrimination claims in the California Action, and thus no prospect of inconsistent verdicts.  *Cf. Tulepan*, 2014 WL 6808313, at *3 (refusing to transfer venue despite prospect of inconsistent verdicts between "separate but factually related" breach of contract actions filed by same plaintiff in two different federal district courts).

## CONCLUSION

Based upon the foregoing, Plaintiffs respectfully request that this Court deny Defendant's motion to dismiss in its entirety, and award them such other and further relief as the Court deems just and proper.


Dated: New York, New York                    Respectfully submitted,
      May 28, 2015
                                                 MORGAN LEWIS & BOCKIUS LLP


                                                By: */s/ Christopher A. Parlo*
                                                    Christopher A. Parlo
                                                      Andriette A. Roberts
                                                    Jason D. Burns

                                              *Attorneys for Plaintiffs ErGo Media Capital, LLC and Erik H. Gordon*

## <u>CERTIFICATE OF SERVICE</u>

On this date true and correct copies of Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint, Declaration of Erik H. Gordon and accompanying exhibits, and Affidavit of Christopher A. Parlo, Esq. were served upon the following counsel for Defendant by ECF:

Christian S. Molnar, Esq.
12400 Wilshire Boulevard, Suite 1180
Los Angeles, California 90025

Dated: May 28, 2015            */s/ Andriette A. Roberts*            

Andriette A. Roberts
