**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERGO MEDIA CAPITAL, LLC and ERIK H. GORDON,<br><br>            Plaintiffs,<br><br>      v.<br><br>LOTTI BLUEMNER,<br><br>            Defendant. | ECF CASE<br><br>Case No.: 1:15-cv-01377 (LGS) |

**DECLARATION OF CHRISTIAN S. MOLNAR, ESQ. IN SUPPORT OF DEFENDANT LOTTI BLUEMNER'S SUPPLEMENTAL REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS ACTION FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, TO TRANSFER**

**CHRISTIAN S. MOLNAR LAW CORPORATION**
Christian S. Molnar, Esq.
12400 Wilshire Boulevard, Suite 1180
Los Angeles, California 90025
Telephone: (310) 820-9900
Facsimile:  (310) 820-9926
Email: christian@christiansmolnarlaw.com
*Attorneys for Defendant LOTTI BLUEMNER, an individual*

1

## **DECLARATION OF CHRISTIAN S. MOLNAR, ESQ.**

I, Christian S. Molnar, Esq., declare:

1. I am the principal and managing partner of the Christian S. Molnar Law Corporation, counsel for Defendant LOTTI BLUEMNER, an individual ("Defendant BLUEMNER,") in this action. I have personal knowledge of the matters set forth in this Declaration and, if called as a witness, I could and would testify competently as to the matters stated below.

2. I am making this Declaration in support of Defendant BLUEMNER's Supplemental Reply in Support of Defendant's Motion to Dismiss or in the Alternative, Transfer.

3. On February 28, 2014, Defendant BLUEMNER, filed an action arising out of her employment as Plaintiff ERIK H. GORDON, an individual's (hereinafter "Plaintiff GORDON's") Los Angeles based personal assistant, in the Los Angeles Superior Court, Central District, Stanley Mosk Courthouse, *Bluemner v. Ergo Media Capital, etc., et al.,* Case Number BC 538111 (hereinafter referred to as the "Los Angeles Action.") The Christian S. Molnar Law Corporation is representing Defendant BLUEMNER in that action, and I am the lead counsel assigned to the case.

4. On or about February 27, 2015, Plaintiffs GORDON and ERGO MEDIA CAPITAL, LLC, a Delaware limited liability company ("Defendant ERGO MEDIA,") removed the Los Angeles Action to the Central District Court of California. In response, Defendant BLUEMNER timely moved for remand. On June 15, 2015, Defendant BLUEMNER's motion for remand was granted, and the Los Angeles Action was transferred back to the Los Angeles Superior Court, Central District, Stanley Mosk Courthouse. A true and correct copy of the Notice of Remand is attached hereto as **Exhibit "A,"** and incorporated herein by this reference as though fully set forth.

5. Plaintiffs GORDON and ERGO propounded their first set of interrogatories and their first set of requests for production of documents on Defendant BLUEMNER in the Los Angeles Action on or about April 23, 2015. Defendant BLUEMNER's responses were due to be served on or about May 26, 2015.

6. Plaintiffs GORDON and ERGO propounded their first set of requests for production and first set of interrogatories in this action on April 21, 2015. Defendant BLUEMNER's responses were due to be served on or about May 26, 2015.

7. Many of the requests contained in Plaintiffs' discovery requests in this action were duplicitous, and sought the same or substantially the same information as was sought through Plaintiffs' discovery requests a propounded in the Los Angeles Action. True and correct copies of the requests for production of documents served by Plaintiffs in both this action, and the Los Angeles Action, are collectively attached hereto as **Exhibit "B,"** and incorporated herein by this reference as though fully set forth.

8. Despite the repetitive nature of the requests, and the increased costs incurred by Defendant BLUEMNER in responding to substantially similar or identical requests in two (2) separate actions, simultaneously, Defendant BLUEMNER substantively responded, in good-faith, to Plaintiffs' discovery requests in both actions, and produced Two Thousand Five Hundred and Seven (2,507) pages of documents in each action, in response to Plaintiffs' requests.

9. On May 1, 2015, Defendant BLUEMNER propounded her first set of requests for production of documents, and first set of interrogatories, on Plaintiffs in this action.

10. On or about June 3, 2015, Plaintiffs served their responses to Defendants' first set of requests for production of documents. Plaintiffs assert improper objections to many requests, and refuse to produce documents as to several categories of documents. Additionally, with respect to the requests to which Plaintiff's agree to produce documents, they condition such production on Defendant BLUEMNER executing a "confidentiality agreement," which is not a proper basis to withhold documents. A true and correct copy of Plaintiffs' responses to Defendant BLUEMNER's first set of requests for production of documents in this action is attached hereto as **Exhibit "C,"** and incorporated herein by this reference as though fully set forth.

11. Defendant BLUEMNER has previously stated to Plaintiffs that she would not agree to execute such a confidentiality agreement, and did not believe such an agreement to be necessary or warranted in this case.

12. I researched online and determined that a brand-new 15" apple "mac-book pro" sold from the online apple store cost approximately Two Thousand Four Hundred Ninety-Nine and No/100 Dollars ($2,499.00.) A true and correct screenshot of the online sales price of this computer through the Apple store is attached hereto as **Exhibit "D,"** and incorporated herein by this reference as though fully set forth.

13. I searched the online "Kelly Bluebook" to determine the re-sale value of an "excellent" condition 2010 black Cadillac Escalade identical to Plaintiff GORDON's which is at issue in this action and the Los Angeles Action. I determined that such a vehicle, with Twelve Thousand Five Hundred miles on it, had a re-sale value of approximately Forty Thousand Five Hundred Fifty-Four and No/100 Dollars ($40,554.00,) and that the same vehicle with only Ten Thousand miles (10,000) has a re-sale value of approximately Forty-Thousand Eight Hundred Forty-Five and No/100 Dollars, ($40,845.00,) an increase of only Two Hundred Ninety-One and No/100 Dollars ($291.00.) True and correct screenshots of the online version of the Kelly Bluebook used to determine these re-sale prices are collectively attached hereto as **Exhibit "E,"** and incorporated herein by this reference as though fully set forth.

I declare under penalty of perjury of the laws of the State of New York that the foregoing is true and correct.

Executed on this 12th day of June, 2015, at Los Angeles, California.

      /s/ Christian S. Molnar_____
Christian S. Molnar