# Exhibit "C"

**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6000
Attorneys for Plaintiffs ErGo Media Capital, LLC,
and Erik H. Gordon

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ERGO MEDIA CAPITAL, LLC and ERIK H.
GORDON,

                     Plaintiffs,

          v.

LOTTI BLUEMNER,

                     Defendant.

No:  15-CV- 1377 (LGS) (GWG)

### PLAINTIFFS' RESPONSES AND OBJECTIONS TO
### DEFENDANT'S FIRST SET OF  REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")

and the Local Rules of the United States District Court for the Southern District of New York

("Local Rules"), Plaintiffs ErGo Media Capital, LLC ("ErGo") and Erik H. Gordon ("Gordon")

(collectively, "Plaintiffs"), by and through their attorneys, Morgan, Lewis & Bockius LLP,

hereby respond and object to Defendant's First Request for the Production of Documents

("Requests") to Plaintiff Gordon, in accordance with the numbered Requests as set forth below.

These responses and objections reflect Plaintiffs' current knowledge and the results of their

investigation to date.  Plaintiffs reserve the right to amend or supplement these responses in the

future in accordance with Fed. R. Civ. P. 26(e)(1) as may be necessary or appropriate.

## <u>GENERAL OBJECTIONS</u>

These responses and objections are made without, in any way, waiving or intending to waive, but on the contrary reserving and intending to reserve:  (1) all questions as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this action, of any of the documents or their subject matter; (2) the right to object to the use of any of the documents, or their subject matter, in any subsequent proceeding in, or the trial of, this action, on any ground; (3) the right to object on any ground at any time to a demand for further productions or responses involving or relating to the subject matter of the requests; (4) the right at any time to revise, correct, add to or clarify any of the responses and objections propounded herein; and (5) the right to interpose additional responses and objections and to move for an appropriate protective order.  Subject to the issuance of a Confidentiality Agreement and Protective Order by the Court, Plaintiffs will produce documents to the extent they can be located after a reasonable search.  Plaintiffs will produce responsive electronic communications pursuant to agreed upon search terms, parameters and production protocol during the designated time period.  Unless stated otherwise, privileged documents will be withheld.

1.      Plaintiffs object generally to the Requests, including the "Instructions" and "Definitions" set forth therein, to the extent they seek documents that are irrelevant and/or not otherwise material and necessary to the prosecution or defense of this action.

2.      Plaintiffs object generally to the Requests, including the "Instructions" and "Definitions" set forth therein, to the extent they are overly broad, unduly burdensome and oppressive.

3.      Plaintiffs object generally to the Requests, including the "Instructions" and "Definitions" set forth therein, to the extent they require the disclosure of confidential information that concerns individuals and/or entities who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals and/or entities.

4.      Plaintiffs object generally to the Requests, including the "Instructions" and "Definitions" set forth therein, to the extent they require the disclosure of confidential, proprietary, and/or business information concerning Plaintiffs.

5.      Plaintiffs object generally to the Requests, including the "Instructions" and "Definitions" set forth therein, to the extent they are not reasonably limited in temporal scope.

6.      Plaintiffs object generally to the Requests, including the "Instructions" and "Definitions" set forth therein, to the extent they are vague, ambiguous, and/or lacking sufficient particularity.

7.      Plaintiffs object generally to the Requests, including the "Instructions" and "Definitions" set forth therein, to the extent they call for information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.

8.      Plaintiffs object generally to the Requests, including the "Instructions" and "Definitions" set forth therein, to the extent they seek information that is cumulative and redundant.

9.      Plaintiffs object generally to the Requests, including the "Instructions" and "Definitions" set forth therein, to the extent they seek to impose obligations on Plaintiffs beyond those prescribed in the Federal Rule of Civil Procedure, the Local Rules, and/or any other applicable law or rules.

10.     Plaintiffs respond to each and every one of the Requests subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in the response.  The explicit reference to a General Objection or the making of a specific objection in response to a particular Request is not intended to constitute a waiver of the General Objections that are not specifically referenced in that response.

## SPECIFIC RESPONSES AND OBJECTIONS TO
## DEFENDANT'S REQUESTS

**DOCUMENT REQUEST NO. 1:** Any and all DOCUMENTS which YOU contend support YOUR claim that DEFENDANT breached the Confidentiality and Nondisclosure Agreement, executed by YOU, on the one hand, and DEFENDANT, on the other hand, on May 30, 2012.

**RESPONSE TO DOC. REQUEST NO. 1** Subject to and without waiving the General

Objections, Plaintiffs refer Defendant to the document produced herewith bearing bates stamp

ERGO 000001-3, and will produce additional responsive non-privileged documents, if any, in

response to this Request upon execution of a mutually agreeable Confidentiality Agreement.


**DOCUMENT REQUEST NO. 2:** Any and all DOCUMENTS which YOU contend support YOUR claim that DEFENDANT breached her Duty of Loyalty.

**RESPONSE TO DOC. REQUEST NO. 2** Subject to and without waiving the General

Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to

this Request upon execution of a mutually agreeable Confidentiality Agreement.


**DOCUMENT REQUEST NO. 3:** Any and all DOCUMENTS which YOU contend support YOUR claim that DEFENDANT converted YOUR property.

**RESPONSE TO DOC. REQUEST NO. 3** Subject to and without waiving the General

Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to

this Request upon execution of a mutually agreeable Confidentiality Agreement.


**DOCUMENT REQUEST NO. 4:** Any and all DOCUMENTS which YOU contend support YOUR claim that DEFENDANT defamed YOU.

**RESPONSE TO DOC. REQUEST NO. 4** Subject to and without waiving the General

Objections, Plaintiffs respond that they have sought Defendant's consent to stipulate to the

withdrawal of Plaintiff Gordon's defamation claim, without prejudice, and that the information

sought by this Request is moot.

**DOCUMENT REQUEST NO. 5:  Any and all DOCUMENTS which evidence, refer or relate to YOUR allegation, in paragraph 19 of YOUR COMPLAINT, that DEFENDANT was hired as Plaintiff GORDON's personal assistant in June, 2012.**

**RESPONSE TO DOC. REQUEST NO. 5**  Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request to the extent it mischaracterizes the allegations in the Amended Complaint.  Subject to

and without waiving the foregoing objections and the General Objections, Plaintiffs will produce

responsive non-privileged documents, if any, in response to this Request upon execution of a

mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 6:  Any and all COMMUNICATIONS between YOU and DEFENDANT which evidence, refer or relate to YOUR allegation, in paragraph 19 of YOUR COMPLAINT, that DEFENDANT was hired as Plaintiff GORDON's personal assistant in June, 2012.**

**RESPONSE TO DOC. REQUEST NO. 6**  Plaintiffs object to this Request to the extent it

mischaracterizes the allegations in the Amended Complaint. Subject to and without waiving the

foregoing objection and the General Objections, Plaintiffs will produce responsive non-

privileged documents, if any, in response to this Request upon execution of a mutually agreeable

Confidentiality Agreement.

**DOCUMENT REQUEST NO. 7:**  Any and all **COMMUNICATIONS** between **YOU** and any other **PERSON** which evidence, refer or relate to **YOUR** allegation, in paragraph 19 of **YOUR COMPLAINT**, that **DEFENDANT** was hired as Plaintiff **GORDON**'s personal assistant in June, 2012.

**RESPONSE TO DOC. REQUEST NO. 7**  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this Request to the extent that it is cumulative and redundant, seeks confidential information that concerns individuals who are not parties to this action, is overly broad, unduly burdensome and oppressive, and seeks to impose obligations on Plaintiffs beyond those prescribed in the Federal Rule of Civil Procedure, the Local Rules, and/or any other applicable law or rules.  Plaintiffs also object to this Request to the extent it mischaracterizes the allegations in the Amended Complaint.  Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 8:  Any and all DOCUMENTS which evidence, refer or relate to YOUR allegation, in paragraph 22 of YOUR COMPLAINT, that [YOU] "specifically instructed [DEFENDANT] not to disclose [YOUR] personal connection to Angelo & Gordon Co. in association with [DEFENDANT's] search for properties on [YOUR] behalf."**

**RESPONSE TO DOC. REQUEST NO. 8**  Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request to the extent it is cumulative and redundant.  Subject to and without waiving the

foregoing objections and the General Objections, Plaintiffs will produce responsive non-

privileged documents, if any, in response to this Request upon execution of a mutually agreeable

Confidentiality Agreement.


**DOCUMENT REQUEST NO. 9:  Any and all COMMUNICATIONS which evidence, refer or relate to YOUR allegation, in paragraph 22 of YOUR COMPLAINT, that [YOU] "specifically instructed [DEFENDANT] not to disclose [YOUR] personal connection to Angelo & Gordon Co. in association with [DEFENDANT's] search for properties on [YOUR] behalf."**

**RESPONSE TO DOC. REQUEST NO. 9**  Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request as cumulative and redundant.  Subject to and without waiving the foregoing objections

and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any,

in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 10:  Any and all DOCUMENTS which evidence, refer or relate to YOUR allegation, in paragraph 23 of YOUR COMPLAINT, that DEFENDANT "requested kick-backs" from real estate agents.**

**RESPONSE TO DOC. REQUEST NO. 10**  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this Request to the extent it is cumulative and redundant.  Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 11:  Any and all COMMUNICATIONS which evidence, refer or relate to YOUR allegation, in paragraph 23 of YOUR COMPLAINT, that DEFENDANT "requested kick-backs" from real estate agents.**

**RESPONSE TO DOC. REQUEST NO. 11**  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this Request as cumulative and redundant.  Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 12:  Any and all DOCUMENTS, identifying the all real estate agents from whom YOU claim DEFENDANT "requested kick-backs."**

**RESPONSE TO DOC. REQUEST NO. 12**  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request as cumulative and redundant.  Subject to and without waiving the foregoing objections

and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any,

in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 13:  Any and all COMMUNICATIONS, identifying the all real estate agents from whom YOU claim DEFENDANT "requested kick-backs."**

**RESPONSE TO DOC. REQUEST NO. 13** Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request as cumulative and redundant.  Subject to and without waiving the foregoing objection

and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any,

in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 14:  Any and all DOCUMENTS, identifying the dates when each alleged "kick-back" was requested by DEFENDANT, as alleged in paragraph 23 of YOUR COMPLAINT.**

**RESPONSE TO DOC. REQUEST NO. 14** Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request as cumulative and redundant.  Subject to and without waiving the foregoing objections

and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any,

in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 15:  Any and all COMMUNICATIONS, identifying the dates when each alleged "kick-back" was requested by DEFENDANT, as alleged in paragraph 23 of YOUR COMPLAINT.**

**RESPONSE TO DOC. REQUEST NO. 15**  Plaintiffs object to this Request as cumulative and redundant.  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 16:  Any and all DOCUMENTS which evidence, refer or relate to YOUR allegation in paragraph 23 of YOUR COMPLAINT, that the real estate agents, identified in response to Special Interrogatory No. 8 "became wary of partnering with [YOU] in light of [DEFENDANT's alleged requests to receive "kick-backs."]**

**RESPONSE TO DOC. REQUEST NO. 16**  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this Request to the extent that it is cumulative and redundant.   Plaintiffs also object to this Request to the extent it mischaracterizes the allegations in the Amended Complaint.  Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 17:  Any and all COMMUNICATIONS which evidence, refer or relate to YOUR allegation in paragraph 23 of YOUR COMPLAINT, that the real estate agents, identified in response to Special Interrogatory No. 8 "became wary of partnering with [YOU] in light of [DEFENDANT's alleged requests to receive "kick-backs."]**

**RESPONSE TO DOC. REQUEST NO. 17**  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this Request as cumulative and redundant.  Plaintiffs also object to this Request to the extent it mischaracterizes the allegations in the Amended Complaint.  Plaintiffs further object to this request as confusing in its reference to "Special Interrogatory No. 8."  Interrogatory Request No. 8 contained in Defendant's First Set of Interrogatories does not refer to paragraph 23 of the Amended Complaint.  Subject to and without waiving the foregoing objection and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 18:**  Any and all DOCUMENTS which evidence, refer or relate to YOUR allegation in paragraph 23 of YOUR COMPLAINT that DEFENDANT "failed to show [YOU] properties listed by agents with whom [DEFENDANT] did not have a 'kick-back' agreement."

**RESPONSE TO DOC. REQUEST NO. 18**  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this Request to the extent that it is cumulative and redundant.  Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.


**DOCUMENT REQUEST NO. 19:**  Any and all COMMUNICATIONS which evidence, refer or relate to YOUR allegation in paragraph 23 of YOUR COMPLAINT that DEFENDANT "failed to show [YOU] properties listed by agents with whom [DEFENDANT] did not have a 'kick-back' agreement."

**RESPONSE TO DOC. REQUEST NO. 19**  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this Request as cumulative and redundant.  Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 20:**  Any and all DOCUMENTS which evidence, refer or relate to YOUR allegation, in paragraph 24 of YOUR COMPLAINT, that DEFENDANT used YOUR credit card to purchase "personal items for herself from the Apple store, totaling $1,229.51."

**RESPONSE TO DOC. REQUEST NO. 20**  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this Request to the extent it is cumulative and redundant.  Plaintiffs also object to this Request to the extent it mischaracterizes the allegations in the Amended Complaint.  Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 21:** **Any and all COMMUNICATIONS between YOU and DEFENDANT which evidence, refer or relate to YOUR allegation, in paragraph 24 of YOUR COMPLAINT, that DEFENDANT used YOUR credit card to purchase "personal items for herself from the Apple store, totaling $1,229.51."**

**RESPONSE TO DOC. REQUEST NO. 21** Plaintiffs object to this Request as cumulative and

redundant.  Plaintiffs further object to this Request to the extent it mischaracterizes the

allegations in the Amended Complaint.  Subject to and without waiving the foregoing objection

and the General Objections, Plaintiffs will produce relevant non-privileged documents, if any, in

response to this Request upon execution of a mutually agreeable Confidentiality Agreement.


**DOCUMENT REQUEST NO. 22:** **Any and all COMMUNICATIONS between YOU and any other PERSON which evidence, refer or relate to YOUR allegation, in paragraph 24 of YOUR COMPLAINT, that DEFENDANT used YOUR credit card to purchase "personal items for herself from the Apple store, totaling $1,229.51."**

**RESPONSE TO DOC. REQUEST NO. 22** Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request as cumulative and redundant.  Plaintiffs also object to this Request to the extent it

mischaracterizes the allegations in the Amended Complaint.  Subject to and without waiving the

foregoing objections and the General Objections, Plaintiffs will produce responsive non-

privileged documents, if any, in response to this Request upon execution of a mutually agreeable

Confidentiality Agreement.


**DOCUMENT REQUEST NO. 23:** **Any and all DOCUMENTS which evidence, refer or relate to YOUR allegation, in paragraph 24 of YOUR COMPLAINT, that DEFENDANT used YOUR credit card "to pay for other personal items without [YOUR] permission or authorization."**

**RESPONSE TO DOC. REQUEST NO. 23** Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request to the extent it is cumulative and redundant.  Plaintiffs also object to this Request to the

extent it mischaracterizes the allegations in the Amended Complaint.  Subject to and without

waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive

non-privileged documents, if any, in response to this Request upon execution of a mutually

agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 24:  Any and all COMMUNICATIONS between YOU and
DEFENDANT which evidence, refer or relate to YOUR allegation, in paragraph 24 of
YOUR COMPLAINT, that DEFENDANT used YOUR credit card "to pay for other
personal items without [YOUR] permission or authorization."**

**RESPONSE TO DOC. REQUEST NO. 24**  Plaintiffs object to this Request as cumulative and

redundant.  Plaintiffs also object to this Request to the extent it mischaracterizes the allegations

in the Amended Complaint.  Subject to and without waiving the foregoing objection and the

General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in

response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 25:  Any and all COMMUNICATIONS between YOU and
any other PERSON which evidence, refer or relate to YOUR allegation, in paragraph 24 of
YOUR COMPLAINT, that DEFENDANT used YOUR credit card "to pay for other
personal items without [YOUR] permission or authorization."**

**RESPONSE TO DOC. REQUEST NO. 25**  Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request as cumulative and redundant.  Plaintiffs also object to this Request to the extent it

mischaracterizes the allegations in the Amended Complaint.  Subject to and without waiving the

foregoing objections and the General Objections, Plaintiffs will produce responsive non-

privileged documents, if any, in response to this Request upon execution of a mutually agreeable

Confidentiality Agreement.

**DOCUMENT REQUEST NO. 26:  Any and all DOCUMENTS which evidence, refer or relate to YOUR contention in paragraph 86 of YOUR COMPLAINT that YOU have suffered injury to YOUR name, as a result of the DEFENDANT's CALIFORNIA COMPLAINT.**

**RESPONSE TO DOC. REQUEST NO. 26**  Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request to the extent it is cumulative and redundant.  Plaintiffs also object to this Request to the

extent it mischaracterizes the allegations in the Amended Complaint.  Subject to and without

waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive

non-privileged documents, if any, in response to this Request upon execution of a mutually

agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 27:  Any and all COMMUNICATIONS which evidence, refer or relate to YOUR contention in paragraph 86 of YOUR COMPLAINT that YOU have suffered injury to YOUR name, as a result of the DEFENDANT's CALIFORNIA COMPLAINT.**

**RESPONSE TO DOC. REQUEST NO. 27**  Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request as cumulative and redundant.  Plaintiffs also object to this Request to the extent it

mischaracterizes the allegations in the Amended Complaint.  Subject to and without waiving the

foregoing objections and the General Objections, Plaintiffs will produce responsive non-

privileged documents, if any, in response to this Request upon execution of a mutually agreeable

Confidentiality Agreement.

**DOCUMENT REQUEST NO. 28:  Any and all DOCUMENTS which evidence, refer or relate to YOUR contention in paragraph 86 of YOUR COMPLAINT that YOU have suffered "degradation of [YOUR] reputation in [YOUR] business and trade, as a result of the DEFENDANT's CALIFORNIA COMPLAINT.**

**RESPONSE TO DOC. REQUEST NO. 28**  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this Request as cumulative and redundant.  Plaintiffs also object to this Request to the extent it mischaracterizes the allegations in the Amended Complaint.  Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 29:  Any and all COMMUNICATIONS which evidence, refer or relate to YOUR contention in paragraph 86 of YOUR COMPLAINT that YOU have suffered "degradation of [YOUR] reputation in [YOUR] business and trade, as a result of the DEFENDANT's CALIFORNIA COMPLAINT.**

**RESPONSE TO DOC. REQUEST NO. 29** Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this Request as cumulative and redundant.  Plaintiffs also object to this Request to the extent it mischaracterizes the allegations in the Amended Complaint.  Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 30:**  **Any and all DOCUMENTS which evidence, refer or relate to YOUR contention in paragraph 86 of YOUR COMPLAINT that YOU have suffered injury to YOUR financial interests, as a result of the DEFENDANT's CALIFORNIA COMPLAINT.**

**RESPONSE TO DOC. REQUEST NO. 30**  Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request as cumulative and redundant.  Plaintiffs also object to this Request to the extent it

mischaracterizes the allegations in the Amended Complaint.  Subject to and without waiving the

foregoing objections and the General Objections, Plaintiffs will produce responsive non-

privileged documents, if any, in response to this Request upon execution of a mutually agreeable

Confidentiality Agreement.


**DOCUMENT REQUEST NO. 31:**  **Any and all COMMUNICATIONS which evidence, refer or relate to YOUR contention in paragraph 86 of YOUR COMPLAINT that YOU have suffered injury to YOUR financial interests, as a result of the DEFENDANT's CALIFORNIA COMPLAINT.**

**RESPONSE TO DOC. REQUEST NO. 31**  Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request as cumulative and redundant.  Plaintiffs also object to this Request to the extent it

mischaracterizes the allegations in the Amended Complaint.  Subject to and without waiving the

foregoing objections and the General Objections, Plaintiffs will produce responsive non-

privileged documents, if any, in response to this Request upon execution of a mutually agreeable

Confidentiality Agreement.

**DOCUMENT REQUEST NO. 32:  Any and all DOCUMENTS which support YOUR contentions that DEFENDANT has made negative remarks about YOU or Plaintiff ERGO on any social media website, including, but not limited to Facebook, Instagram, Twitter, and Linkedin.**

**RESPONSE TO DOC. REQUEST NO. 32**  In addition to the General Objections, Plaintiffs

object to this Request to the extent that it mischaracterizes the claims or allegations in the

Amended Complaint.

**DOCUMENT REQUEST NO. 33:  Any and all COMMUNICATIONS which support YOUR contentions that DEFENDANT has made negative remarks about YOU or Plaintiff ERGO on any social media website, including, but not limited to Facebook, Instagram, Twitter, and Linkedin.**

**RESPONSE TO DOC. REQUEST NO. 33** In addition to the General Objections, Plaintiffs

object to this Request to the extent that it mischaracterizes the claims or allegations in the

Amended Complaint.   Plaintiffs also specifically object to this Request as cumulative and

redundant.

**DOCUMENT REQUEST NO. 34:  Any and all DOCUMENTS which evidence, refer or relate to YOUR contention in paragraph 25 of YOUR COMPLAINT that the alleged unauthorized use by DEFENDANT of YOUR Cadillac Escalade SUV added "over 1,000 miles to the vehicle's odometer."**

**RESPONSE TO DOC. REQUEST NO. 34** Plaintiffs object to this Request to extent that it

seeks information that is protected from disclosure under the attorney-client privilege and/or

work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this

Request to the extent it is cumulative and redundant.  Plaintiffs also object to this Request to the

extent it mischaracterizes the allegations in the Amended Complaint.  Subject to and without

waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive

non-privileged documents, if any, in response to this Request upon execution of a mutually

agreeable Confidentiality Agreement.

**DOCUMENT REQUEST NO. 35:**  Any and all DOCUMENTS which evidence, refer or relate to YOUR contention in paragraph 25 of YOUR COMPLAINT that the alleged addition of "over 1,000 miles to the vehicle's odometer" as a result of the alleged unauthorized use by DEFENDANT of YOUR Cadillac Escalade resulted in the "diminution of the car's value."

**RESPONSE TO DOC. REQUEST NO. 35**  Plaintiffs object to this Request to extent that it seeks information that is protected from disclosure under the attorney-client privilege and/or work-product doctrine and/or any other applicable privileges.  Plaintiffs further object to this Request as cumulative and redundant.  Plaintiffs also object to this Request to the extent it mischaracterizes the allegations in the Amended Complaint.  Subject to and without waiving the foregoing objections and the General Objections, Plaintiffs will produce responsive non-privileged documents, if any, in response to this Request upon execution of a mutually agreeable Confidentiality Agreement.


MORGAN LEWIS & BOCKIUS LLP

Dated: June 3, 2015

By: */s/ Jason D. Burns*
    Christopher A. Parlo
    Andriette A. Roberts
    Jason D. Burns

101 Park Avenue
New York, NY 10178

Telephone: 212.309.6000
Facsimile: 212.309.6001

*Attorneys for Plaintiffs ErGo Media Capital,*
*LLC and Erik H. Gordon*