**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ERGO MEDIA CAPITAL, LLC and ERIK H.
GORDON,

               Plaintiffs,

     v.

LOTTI BLUEMNER,

               Defendant.

**No:  15-CV- 1377 (LGS) (GWG)**

 

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO**
**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF HER**
**MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER**

Christopher A. Parlo
Andriette A. Roberts
Jason D. Burns

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, New York  10178
(212) 309-6000

*Attorneys for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

**Page(s)**

ARGUMENT ......................................................................................................... 2

    I.    The Remand Order Does Not Divest This Court of Jurisdiction ......................... 2

        A.    The California Action Involves Substantially Different Facts and Legal Issues ................................................................................. 2

        B.    California's Cross-Complaint Rule Cannot Divest This Court of Jurisdiction ............................................................................... 5

    II.    The Valid Forum Selection Clause Trumps Compulsory Counterclaim Rules ...................................................................................... 7

CONCLUSION .................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Baker by Thomas v. Gen. Motors Corp.*,
  522 U.S. 222 (1998)................................................................................6

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976)................................................................3, 4, 5, 6

*Conopco, Inc. v. Roll Int'l*,
  231 F.3d 82 (2d Cir. 2000)................................................................6, 7

*Corinthian Media, Inc. v. Yelsey*,
  No. 92-0109, 1992 WL 47546 (S.D.N.Y. Mar. 5, 1992)........................7

*Diorinou v. Mezitis*,
  237 F.3d 133 (2d Cir. 2001)................................................................6

*Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*,
  No. 09-3573, 2010 WL 3743826 (S.D.N.Y. Sept. 24, 2010) .................7

*Jelich v. Warner Brothers, Inc.*,
  No. 95-10016, 1996 WL 209973 (S.D.N.Y. April 30, 1996) ..................7

*Kingsway Fin. Servs., Inc. v. PricewaterhouseCoopers, LLP*,
  420 F. Supp. 2d 228 (S.D.N.Y. 2005)..................................................3

*Kline v. Burke Const. Co.*,
  260 U.S. 226 (1922)...........................................................................5, 6

*Lurie v. Norwegian Cruise Lines, Ltd.*,
  305 F. Supp. 2d 352 (S.D.N.Y. 2004)..................................................8

*Martin v. Creative Mgmt. Grp., Inc.*,
  No. 10-2214, 2010 WL 2629580 (S.D.N.Y. June 29, 2010) ...............7, 8

*McErlain v. Park Plaza Towers Owners Ass'n*,
  No. C-13-3232 MMC, 2014 WL 5861767 (N.D. Cal. Nov. 12, 2014) ...............6, 7

*Mudd v. Comcast of Maryland, LLC*,
  No. 14-2310, 2015 WL 773017 (D. Md. Feb. 23, 2015)........................2

iii

*Orix Credit All., Inc. v. Bell Realty, Inc.*,
   No. 93-4949, 1994 WL 86394 (S.D.N.Y. Mar. 16, 1993) ........................................................5

*Phansalkar v. Andersen Weinroth & Co.*,
   175 F. Supp. 2d 635 (S.D.N.Y. 2001) ........................................................4

*Phillips v. Audio Active Ltd.*,
   494 F.3d 378 (2d Cir.2007) ........................................................7

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*,
   813 F. Supp. 2d 489 (S.D.N.Y. 2011) ........................................................4

*Recurrent Capital Bridge Fund I, LLC v. ISR Sys. & Sensors Corp.*,
   875 F. Supp. 2d 297 (S.D.N.Y. 2012) ........................................................7

*Ritani, LLC v. Aghjayan*,
   880 F. Supp. 2d 425 (S.D.N.Y. 2012) ........................................................4

*Rosen v. Ritz-Carlton Hotel Co.*,
   No. 14-1385, 2015 WL 64736 (S.D.N.Y. Jan. 5, 2015) ........................................................2

*Sheerbonnet, Ltd. v. Am. Exp. Bank Ltd.*,
   17 F.3d 46 (2d Cir. 1994) ........................................................1

*Shields v. Murdoch*,
   891 F. Supp. 2d 567 (S.D.N.Y. 2012) ........................................................3

*United States v. Int'l Bus. Mach. Corp.*,
   66 F.R.D. 383 (S.D.N.Y. 1975) ........................................................5

*Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*,
   239 F.3d 517 (2d Cir. 2001) ........................................................3, 5

STATUTES

28 U.S.C. §1404(a) ........................................................2

Full Faith and Credit Act, 28 U.S.C. § 1738 ........................................................6

OTHER AUTHORITIES

California Code of Civil Procedure § 426.30(a) ........................................................5

Fed. R. Civ. P. 13(a) ........................................................6

iv

Defendant's supplemental brief is an improper sur-reply -- used entirely to (i) rehash arguments that she has made repeatedly before, and (2) raise new matters outside of this Court's Order allowing further briefing.   Defendant specifically requested the Court's permission to submit a supplemental brief in order to "address[] the impact" of an order by the Central District of California remanding Defendant's employment discrimination case to California state court (the "California Action").  *See* Dkt. 37.  However, Defendant's submission devotes no more than five lines to the remand order.  *See* Defendant's sur-reply brief (Dkt 39) at pp. 1-2.  The rest of the brief covers the points she has made before, or raises new arguments about subject matter jurisdiction that are completely irrelevant to her pending motion to dismiss.  *See* Dkt 38.  As Defendant ignored this Court's Order about what could be covered in this latest round of briefing Defendant's brief should be stricken.

If the Court considers the brief, it appears that Defendant is now arguing that this Court should not exercise its jurisdiction over Plaintiffs' claims because the parties are litigating in a separate state court action.   However, the issues raised by Defendant (e.g., strained judicial system, risk of conflicting judgments, litigating the same claims in two courts simultaneously, increasing the cost of litigation, and duplicating efforts by counsel (*see* Dkt. 39, p. 6)) are wrong as a matter of fact and fall well short of her burden under controlling authority.  Indeed, federal district courts have a "virtually unflagging obligation to exercise" the jurisdiction given to them, "even if an action concerning the same matter is pending in state court."  *Sheerbonnet, Ltd. v. Am. Exp. Bank Ltd.*, 17 F.3d 46, 49 (2d Cir. 1994) (quotations and citation omitted).  Defendant has offered no reason to depart from this clear rule.

Defendant's additional argument that Plaintiffs' claims should be dismissed because they were compulsory counterclaims in the California Action continues to fail for several reasons covered in Plaintiff's Opposition Brief (Dkt. 30) ("Pl. Br."), and none of which Defendant has even attempted to rebut or address.  First, conduct that arose or was not discovered until after Defendant's termination has no logical relation to her statutory discrimination claims in California.  Pl. Br., pp. 21-22.   Second, California's compulsory counterclaim rule has no preclusive effect on Plaintiffs' claims because, among other reasons, there has been no final judgment in the California Action.  Third, even if a final judgment had been entered in the California Action, the parties' binding valid forum selection clause trumps any preclusive effect that might otherwise apply to compulsory counterclaims.  *Id.* at pp. 20-21.  Defendant's attempt to evade that forum selection clause by asserting contradictory allegations about her start date is premature, unconvincing and contrary to the law in this Circuit.  As such, Defendant's motion to dismiss should be denied in its entirety.

## ARGUMENT

**I.    The Remand Order Does Not Divest This Court of Jurisdiction.**

### A.  The California Action Involves Substantially Different Facts and Legal Issues.

Although it is unclear from Defendant's papers, to the extent she is suggesting that the Court should dismiss this action because it overlaps with the state court proceeding in California, that argument must fail.[1]  Under long-established Supreme Court precedent, a federal court may

---

[1] It remains unclear what relief Defendant is seeking from the Court.  If she is seeking a transfer to the Central District of California that argument must be rejected for the reasons set forth in Plaintiffs' opposition, Pl. Br., pp. 23-25, particularly given that Defendant's argument about "consolidating" two federal court actions has been rendered moot by the remand order.  Defendant's Reply Memorandum (Dkt. 35) ("Reply Br.")., pp. 9-10. Moreover, it is black-letter law that a federal court action cannot be transferred to state court pursuant to 28 U.S.C. §1404(a).  *See, e.g., Rosen v. Ritz-Carlton Hotel Co.*, No. 14-1385, 2015 WL 64736, at *1 (S.D.N.Y. Jan. 5, 2015) (28 U.S.C. §1404 applies only to transfers between federal district courts).  Courts in multiple jurisdictions have also held that *forum non conveniens* simply does not apply where the alternative forum is a state court, rather than

abstain from exercising its jurisdiction only in "'exceptional circumstances,' where the resolution of existing concurrent state-court litigation could result in 'comprehensive disposition of litigation.'"  *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 (1976)).  However, before a court can evaluate the appropriateness of *Colorado River* abstention under the Second Circuit's six-factor test, "it must make a threshold determination that the federal and state court cases are 'parallel'":  in other words, that "there is an identity of parties, and the issues and relief sought are the same." *Shields v. Murdoch*, 891 F. Supp. 2d 567, 577-78 (S.D.N.Y. 2012) (citations omitted); *Kingsway Fin. Servs., Inc. v. PricewaterhouseCoopers, LLP*, 420 F. Supp. 2d 228, 232 (S.D.N.Y. 2005) (parallelism turns on whether state court litigation will dispose of all claims presented in federal case).  "Any doubt regarding the parallel nature of a federal and state action should be resolved in favor of the exercise of federal jurisdiction." *Shields*, 891 F. Supp. 2d at 577 (quotations and citation omitted).

Defendant's statutory discrimination claims in California are simply <u>not</u> parallel to the central claim in this action that Defendant breached her nondisclosure agreement.  For example, several of Plaintiffs' claims here concern misconduct by Defendant that occurred *after* she was terminated from her employment, and thus have nothing to do with the parties' claims or defenses in the California Action.  *See* Am. Compl. ¶¶33-34, 35-55.  Moreover, contrary to Defendant's argument, Plaintiffs are not required to prove the misconduct at issue in this case in order to prevail in their defense of the California Action. *See McGrory v. Applied Signal Tech.,*

---

abroad, and thus dismissal of Plaintiffs' claims on the grounds of *forum non conveniens* is also unavailable.  *See, e.g., Mudd v. Comcast of Maryland, LLC*, No. 14-2310, 2015 WL 773017, at *6 (D. Md. Feb. 23, 2015) ("The Charles County Circuit Court is not abroad, and therefore *forum non conveniens* is not a ground for dismissal.")

*Inc.*, Cal. Rptr. 3d 154, 172 (Cal. Ct. App. 2013) (where, as here, employee is at will, "no inference of discrimination can reasonably be drawn from the mere lack of conclusive evidence of misconduct by the employee").  Instead, in contrast to Defendant's discrimination claims in the California Action, the elements of Plaintiffs claims, including for breach of the NDA include: (1) Plaintiff's legal ownership of property over which Defendant had unauthorized dominion (*Phansalkar v. Andersen Weinroth & Co., L.P.*, 175 F. Supp. 2d 635 (S.D.N.Y. 2001) (conversion)); (2) existence of an agreement, adequate performance by Mr. Gordon, breach, and damages (*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d 489 (S.D.N.Y. 2011) (breach of contract )); and (3) Defendant's breach of her fiduciary duty to Mr. Gordon (*Ritani, LLC v. Aghjayan*, 880 F.Supp.2d 425, 454 (S.D.N.Y. 2012) (breach of duty of loyalty)).  Nothing to be decided in the California Action concerns any of these points.  As such, any relief provided by the California state court will <u>not</u> dispose of the claims presented in the instant matter.

Moreover, with the exception of her argument that litigating in this Court would be inconvenient, Defendant has failed to even address, much less establish, the remaining five factors in the *Colorado River* six factor test adopted by the Second Circuit, namely whether: (1) the controversy involves a res over which one of the courts has assumed jurisdiction; (2) staying or dismissing the federal action will avoid piecemeal litigation; (3) the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; (4) federal law provides the rule of decision; and (5) the state procedures are adequate to protect

the plaintiff's federal rights.  *Woodford*, 239 F.3d at 522.  Accordingly, Defendant cannot make a threshold showing that this is an "exceptional" case warranting abstention.[2]

### B.  California's Cross-Complaint Rule Cannot Divest This Court of Jurisdiction.

Contrary to the limited scope of the "sur-reply" briefs allowed by the Court, Defendant continues to argue that the California Code of Civil Procedure includes a compulsory "cross complaint" rule, § 426.30(a).[3]  She makes no attempt, however, to explain why a California state court procedural rule should have any impact on this Court's jurisdiction over Plaintiffs' claims. Indeed, Defendant has not cited a single case in support of this proposition.  And under recent authority ignored by Defendant there can be no impact.

First, the Court may disregard § 426.30 because its application to a complaint pending in federal court is contrary to federal authority requiring that district courts exercise jurisdiction over a federal action irrespective of whether the same issues are pending in a separate state court action.  *See* Section IA, *supra*.  As the District Court for the Northern District of California recently held in a decision directly on point here,

> [A]pplication of § 426.30 to a complaint pending in federal court would be contrary to federal authority requiring district courts, absent certain exceptions not applicable here, to exercise jurisdiction over a federal action irrespective of whether the same issues are pending in a separate state court action.  *See Kline v. Burke Const. Co.*, 260 U.S. 226, 230–32 (1922) (holding where "same issues are to be tried and

---

[2]  Further, as discussed in more detail below (section II *infra*), the enforceable forum selection clause in the parties' NDA outweighs abstention.  *See Orix Credit All., Inc. v. Bell Realty, Inc.*, No. 93-4949, 1994 WL 86394, at *3 (S.D.N.Y. Mar. 16, 1993) (declining to abstain under *Colorado River* because the federal forum was appropriate under the forum selection clause rather than the simultaneously filed state action).

[3]  Rather than abide by the Court's order and submit analysis relevant to the remand order, Defendant uses this supplemental brief as a second bite at the apple to reargue her belief that Plaintiffs' claims are compulsory counterclaims and to remedy her failure to provide any supportive case law for this proposition.  *See* Dkt 39 at 3-6. Indeed, Defendant's supplemental brief is her only submission citing case law in support of this premise.  As such, Defendant's duplicative arguments regarding the alleged compulsory nature of Plaintiff's counterclaims should be disregarded for purposes of this motion.  *United States v. Int'l Bus. Mach. Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975) ("Clearly, nothing but delay, unnecessary work, and unwarranted expense can result from the routine filing of . . . surreply papers which do nothing more than restate in a different form or with additional detail material set forth in the moving and opposing papers.")

determined" simultaneously in state and federal actions, "[e]ach court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court"); cf. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–819 (1976) (identifying "exceptional" circumstances warranting departure from rule that "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction") (internal quotation and citation omitted). Rather, in such situations, a bar will arise only when "a judgment is rendered in one of the courts and pleaded in the other." *See Kline*, 260 U.S. at 230.  In other words, although § 426.30 does apply when related claims <u>are</u> <u>pending</u> <u>in</u> <u>two</u> <u>different</u> <u>California</u> <u>state</u> <u>courts</u>, it has no application to a federal case other than under claim-preclusion principles. *See, e.g., Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87–91 (2d Cir. 2000) (holding, where federal plaintiff sought unsuccessfully in prior California state court action to file untimely compulsory cross-complaint, federal plaintiffs action alleging same claim was barred by "final judgment" entered in state court action).

*McErlain v. Park Plaza Towers Owners Ass'n*, No. C-13-3232 MMC, 2014 WL 5861767, at *1 (N.D. Cal. Nov. 12, 2014) (emphasis added).

Second, Defendant's additional assertion that Plaintiffs' claims are precluded by Fed. R. Civ. P. 13(a),[4] because they should have been raised as compulsory counterclaims in the California Action, is also fundamentally misplaced. Def. Supp. Br., 3-5.  In *Conopco v. Roll Int'l*, 231 F.3d 82 (2d Cir. 2000), which Defendant does not cite, the Second Circuit made clear that neither Fed. R. Civ. P. 13(a) nor § 426.30 is implicated when a party alleges that a compulsory counterclaim should have been raised in a <u>state</u> proceeding unless there has been a final judgment in the prior state court proceeding such that the Full Faith and Credit Act, 28 U.S.C. § 1738, would apply.  *Id.* at 87-88; *Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 233 (1998) (To trigger the full faith and credit obligation requires a "*final* judgment.") (emphasis added).  *See also Diorinou v. Mezitis*, 237 F.3d 133, 138 (2d Cir. 2001) (describing the Second Circuit's review in *Conopco* as predicated upon full faith and credit principles).

---

[4] Fed. R. Civ. P. 13(a) provides that a pleading must state as a counterclaim, any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

There has been no final judgment in the California Action, which is still pending in the trial court.  *See* Dkt 39, pp. 1-2 ("Defendant may now move forward on the merits of her claim"). Thus, even if assuming, *arguendo*, Plaintiffs' claims were compulsory counterclaims under California law, granting Defendant's motion to dismiss would disregard bedrock principles of federalism by prematurely giving preclusive effect to a state procedural rule even though <u>there has been no final judgment</u>.  *See McErlain*, 2014 WL 5861767.  Dismissal based on § 426.30(a) would be especially inappropriate because a trial court in California "must grant leave to file an untimely cross-complaint" where the defendant "can demonstrate that his failure to plead was in good faith."  *Conopco*, 231 F.3d at 87-88.  Plaintiffs would have little trouble meeting that standard in light of the early (very start of discovery) stage of the state court proceedings.

## II.     The Valid Forum Selection Clause Trumps Compulsory Counterclaim Rules.

None of Defendant's arguments comes close to rebutting the presumption of enforceability that applies to the parties' contractually agreed upon forum selection clause. Defendant's misleading and inconsistent allegations about her start date are, on the most generous reading, issues of fact that must be resolved in <u>Plaintiffs'</u> favor on a motion to dismiss. *Recurrent Capital Bridge Fund I, LLC v. ISR Sys. & Sensors Corp.*, 875 F. Supp. 2d 297, 304 (S.D.N.Y. 2012).[5]  The inapposite authority cited in Defendant's reply brief is also of no help to her.[6]

---

[5] In her reply memorandum, Defendant picks a third start date, surmising that the evidence now "tends to establish" that she began working "in and around May 1, 2012."  Reply Br., p. 3.  Defendant's contradictory claims are not the type of "highly specific" and unrebutted testimony required to refute allegations at the motion to dismiss stage. *Recurrent Capital*, 875 F. Supp. 2d at 304.

[6] In *Jelich v. Warner Brothers, Inc.*, No. 95-10016, 1996 WL 209973, at *3 (S.D.N.Y. April 30, 1996), the plaintiff appeared *pro se* and, unlike Defendant, could not rely on counsel (or technological advances) to pursue litigation in the selected forum.  *Id.*  More recent authority has held that the type of "personal financial difficulties" considered by the court in *Jelich* are "insufficient to rebut the presumption of enforceability,"  *Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*, No. 09-3573, 2010 WL 3743826, at *10 (S.D.N.Y. Sept. 24, 2010), that the forum selection clause will be enforced unless litigation in the selected forum would be "impossible."  *Martin v. Creative Mgmt.*

Because the terms of Defendant's relationship with Mr. Gordon grew out of and are confirmed by reference to the NDA, the forum selection clause applies with equal force to Plaintiffs' claims for breach of contract, breach of duty of loyalty, and conversion. Pl. Br., pp. 9-10. *See also Martin v. Creative Mgmt. Grp., Inc.,* No. 10-2214, 2010 WL 2629580, at *2 (S.D.N.Y. June 29, 2010) (each of former employee's claims—breach of contract, promissory estoppel, unjust enrichment, fraudulent inducement, New York labor law violations, and conversion—was covered by forum selection clause "because they arose "from the plaintiff's relationship with the defendants, as governed by the Agreement"); *Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F. Supp. 2d 352, 364 (S.D.N.Y. 2004) (recognizing that even "less inclusive" forum selection clauses will govern tort claims that "depend on rights and duties that must be analyzed by reference to the contractual relationship.") (quotations and citation omitted).  Thus, in addition to the fact that there has been no final judgment in the California Action, California's compulsory counterclaim rule cannot bar Plaintiffs' claims because they are subject to a binding forum selection clause.  Pl. Br., pp. 20-21.

## CONCLUSION

Defendant's most recent submission adds nothing to the resolution of the issues before the Court.  Plaintiffs respectfully request that the Court disregard Defendant's supplemental brief and deny Defendant's motion to dismiss in its entirety.

---

*Grp.*, Inc., No. 10-2214, 2010 WL 2629580, at *3 (S.D.N.Y. June 29, 2010) (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 393 (2d Cir.2007)).  The plaintiff in *Jelich* was also presented with a contract *fourteen years* after she began her employment, was told by her supervisor she would not receive a salary increase for four years if she refused to sign it, and then berated when she attempted to negotiate its terms.  *Id.* at *2.  In contrast, Defendant has not alleged that she was coerced into executing either the NDA or the forum selection clause specifically. *Corinthian Media, Inc. v. Yelsey,* No. 92-0109, 1992 WL 47546, at *2 (S.D.N.Y. Mar. 5, 1992) (party challenging forum selection clause must show "the forum-selection clause itself resulted from coercion or fraud").

Dated: New York, New York
       June 19, 2015

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP


By: */s/ Christopher A. Parlo*
    Christopher A. Parlo
    Andriette A. Roberts
    Jason D. Burns

*Attorneys for Plaintiffs ErGo Media Capital,
LLC and Erik H. Gordon*

9

## <u>CERTIFICATE OF SERVICE</u>

On this date true and correct copies of Plaintiffs' Memorandum of Law in Response to Defendant's Supplemental Brief In Support of Defendant's Motion to Dismiss or in the Alternative, Transfer was served upon the following counsel for Defendant by ECF:

Christian S. Molnar, Esq.
12400 Wilshire Boulevard, Suite 1180
Los Angeles, California 90025

Dated: June 19, 2015                    */s/ Andriette A. Roberts*

Andriette A. Roberts