UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/15
```

------------------------------------------------------------X
                                                            :
ERGO MEDIA CAPITAL, LLC,  et al.,                           :
                                      Plaintiffs,           :
                                                            :        15 Civ. 1377 (LGS)
             -against-                                      :
                                                            :        **OPINION AND ORDER**
LOTTI BLUEMNER,                                             :
                                      Defendant.            :
                                                            :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

> Plaintiffs ErGo Media Capital, LLC ("ErGo") and Erik Gordon bring this action against

Defendant Lotti Bluemner for breach of contract, breach of the duty of loyalty, conversion and

defamation, all arising out of Bluemner's employment as Gordon's personal assistant.

Defendant moves to dismiss the action for lack of personal jurisdiction and improper venue or, in

the alternative, to transfer the action under 28 U.S.C. § 1404(a).[1]  For the following reasons,

Defendant's motion is denied.

**BACKGROUND**

> The facts below are taken from the allegations in the Amended Complaint (the "Complaint"), the

Confidentiality and Nondisclosure Agreement (the "Agreement") appended to the Complaint and

Plaintiff's October 19, 2015, letter to the Court regarding the domicile of ErGo.

> Plaintiff Erik Gordon is a resident of Florida.  Plaintiff ErGo is an LLC whose sole owner

and member is Mr. Gordon.  Defendant Lotti Bluemner is a resident of California.  Defendant

concedes that the Complaint's claims collectively allege damages in excess of $75,000.  Subject

matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

---

[1] Defendant initially moved to dismiss or transfer for forum non conveniens, but conceded in her
reply memorandum that the principle is inapplicable here.  [D's Reply at 9, Dkt 35].

From around June 2012 through July 11, 2013, Gordon employed Bluemner as a personal assistant and paid her from ErGo's New York bank account.  On or around May 30, 2012, Bluemner entered into the Agreement with Gordon, expressly agreeing to keep confidential "any and all information . . . concerning Gordon that is furnished (whether before or after the date hereof) to Bluemner or her Representatives by or on behalf of Gordon." [2]  The Agreement states, in relevant part, that:

> Each party hereto irrevocably and unconditionally consents to the jurisdiction of [New York state court in Manhattan or federal court] in the Southern District of New York, in any action to enforce, interpret, or construe any provision of this Agreement, and also hereby irrevocably waives any defense of improper venue or *forum non conveniens* to any such action brought in either of those courts.  Each party further irrevocably agrees that any action to enforce, interpret or construe any provision of this Agreement will be brought only in either of those courts and not in any other court." to any action brought in the district.

The Agreement required Bluemner to return any written confidential information and stated that "[a]ny oral information will continue to be subject to the terms of this Agreement."  The Agreement also provides that it will be "governed by and construed in accordance with the laws of the State of New York."

On July 11, 2013, Bluemner was discharged.  On February 28, 2014, she filed an action in the Los Angeles Superior Court, Central District, against Gordon and ErGo claiming, among other things, hostile work environment, discrimination, wrongful termination in violation of public policy, intentional infliction of emotional distress and unfair business practices in connection with her employment (the "Los Angeles Action").  On February 25, 2015, Gordon and ErGo filed this action, alleging breach of the Agreement, breach of the duty of loyalty, conversion and defamation.

---

[2] Although the Agreement is dated May 30, 2010, the Complaint states that it was executed on or about May 30, 2012.  Submissions filed in connection with this motion also state that the Agreement was signed on May 30, 2012.

**DISCUSSION**

I.      **PERSONAL JURISDICTION AND VENUE**

Defendant's motion to dismiss for lack of personal jurisdiction and improper venue is denied because she consented to the Court's jurisdiction when she signed the Agreement. "Parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006).  A party that consents to personal jurisdiction in a particular forum also consents to venue there. *Doctor's Assocs., Inc. v. Stuart,* 85 F.3d 975, 983 (2d Cir. 1996).  "[F]orum selection clauses 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)).

To enforce a forum selection clause, a court must determine whether (1) the clause was "reasonably communicated to the party resisting enforcement," (2) the clause was "mandatory or permissive" and (3) the claims and the parties involved in the suit are subject to the clause. *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014).  If these conditions are satisfied, a party can overcome the presumption of enforceability only by (4) "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id*. (citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007)) (internal citations omitted).

Applying that test here, the forum selection clause in the Agreement is presumptively enforceable.  First, it was reasonably communicated to the Defendant as it was written in "clear and unambiguous language." *Effron v. Sun Line Cruises, Inc.,* 67 F.3d 7, 9 (2d Cir. 1995).  It

was in a separate, stand-alone paragraph on the same page of the three-page Agreement that

Defendant signed.  *See Magi XXI, Inc. v. Stato Della Citt%22a Del Vaticano*, 818 F. Supp. 2d

597, 605 (E.D.N.Y. 2011) ("[T]he forum selection clauses in the . . . agreements . . . were

reasonably communicated because they are clearly and unambiguously phrased, and appear in

standard font in the main body of each contact [sic]."), *aff'd sub nom. Magi XXI, Inc. v. Stato

della Citta del Vaticano*, 714 F.3d 714 (2d Cir. 2013).  Second, the forum selection clause was

mandatory rather than permissive, as it provided that "any action to enforce, interpret, or

construe any provision" of the Agreement would be brought only in the District Court for the

Southern District of New York or New York state court in Manhattan "and not in any other

court."  Third, this action, which includes a claim of breach of the Agreement, is an "action to

enforce, interpret, or construe" the Agreement.  Accordingly, the forum selection clause is

presumptively enforceable.

Defendant makes five arguments to rebut the presumption of enforceability.  These

arguments are unpersuasive.  First, Defendant asserts that Plaintiffs' tort claims are not within

the scope of the forum selection clause.  This argument fails.  As a matter of contract

interpretation, the forum selection clause covers "any action to enforce, interpret, or construe any

provision of [the] Agreement," and Plaintiffs' breach of contract claim makes this action one to

enforce, interpret or construe the Agreement, regardless of the inclusion of additional claims.

Moreover, claims sounding in tort rather than in contract do not automatically place them beyond

the scope of the forum selection clause.  "A contractually-based forum selection clause will also

encompass tort claims if the tort claims . . . involve the same operative facts as a parallel claim

for breach of contract."  *Elec. Mobile Cars, LLC v. Elec. Mobile Cars, Inc.*, No. 12 Civ. 5202,

2012 WL 5264454, at *2 (S.D.N.Y. Oct. 17, 2012) (internal quotation mark and citation

omitted); *see also Lambert v. Kysar*, 983 F.2d 1110, 1121-22 (1st Cir. 1993) ("[C]ontract-related tort claims involving the same operative facts as a parallel claim for breach of contract should be heard in the forum selected by the contracting parties."); *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (applying the *Lambert* court's rationale and concluding that the forum selection clause applied to the plaintiff's tort claims because "the same exact facts surrounding [the plaintiff's] tort claims would also give rise to a breach of contract claim"). Here, the contract and tort claims involve the same alleged facts. The specific alleged contractual breaches are (i) misuse of Plaintiff's real estate information by requesting kickbacks from real estate agents; (ii) misuse of Plaintiff's credit card information and failure to return the laptop containing Plaintiff's information; and (iii) disclosure of Plaintiff's information in the complaint in the Los Angeles Action. These directly parallel the three tort claims: (i) breach of the duty of loyalty based on Plaintiff's request for kick-backs from real estate agents with whom Defendant negotiated on Plaintiff's behalf; (ii) conversion arising out of Defendant's use of Plaintiff's credit card to make an authorized purchase of a laptop and related equipment; and (iii) defamation based on allegedly false statements about Plaintiff, which Defendant made in the complaint filed in the Los Angeles Action.

Second, Defendant argues that Plaintiffs' claims are compulsory counterclaims, which should have been asserted in the Los Angeles Action. This argument is precluded by the forum selection clause, both as to the breach of contract claim which is squarely within the scope of the clause, and the parallel tort claims which are also within the clause as discussed above. "If the parties promise to litigate a dispute only in a particular forum, a party to the contract cannot seek to bar the litigation in that forum because the claim was not presented in some other forum." *Publicis Commc'ns v. True North Commc'ns Inc.*, 132 F.3d 363, 366 (7th Cir. 1997) (dismissing

5

compulsory counterclaims as barred by a forum selection clause).  Assuming without deciding that the claims in this action are compulsory counterclaims in the Los Angeles Action, "the need to uphold forum-selection clauses alters the impact of the compulsory-counterclaim rule so that a party need not file a compulsory counterclaim in an improper forum to avoid having the claim barred in a proper forum."  6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1412 (3d ed. 1998); *see also Karl Koch Erecting Co., Inc., v. N.Y. Convention Ctr. Dev.t Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (stating in dictum that plaintiff would not be permitted to assert counterclaims in a forum other than that designated in the forum selection clause).  This argument therefore fails.

Third, Defendant argues, contrary to the Complaint's allegations, that the Agreement was signed after her employment had begun and that therefore the forum selection clause is unenforceable because it is the product of unequal bargaining power.  Defendant asserts that her factual allegations should be accepted as true because Plaintiffs amended their complaint in bad faith to allege an earlier start date for her employment to avoid this argument and dismissal.  The argument is incorrect.  Prior to discovery, a plaintiff may defeat a motion to dismiss for lack of personal jurisdiction by making a prima facie showing based on factual allegations in the complaint, which are assumed to be true for purposes of the motion.  *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013).  When the court relies on pleadings and affidavits, they are construed "in the light most favorable to plaintiffs, resolving all doubts in their favor."  *Id*. at 85 (citation omitted).  "[I]n the absence of an evidentiary hearing [which was not required], it was error for the district court to resolve [a] factual dispute in [defendant's] favor."  *Id*. at 86.  Plaintiff's argument is premature because the factual allegations in the operative complaint must be accepted in resolving this motion.

In any event, the signing of an agreement with a forum selection clause after the start of an employment relationship does not, without more, render the clause invalid.  *See, e.g., Martinez*, 740 F.3d at 214-15 (affirming dismissal based on a forum selection clause agreed to by an employee years after he began work with his employer); *Int'l Bus. Macs. Corp. v. Martson*, 37 F. Supp. 2d 613, 615 (S.D.N.Y. 1999) (enforcing forum selection clause in a stock option agreement signed by the employee a few months after he began work for IBM); *Corinthian Media, Inc. v. Yelsey*, No. 92 Civ. 0109, 1992 WL 47546, at *2-3 (S.D.N.Y. Mar. 5, 1992) (finding that forum selection clause in confidentiality agreements was not a product of coercion where plaintiffs alleged they had been threatened with termination but did not establish "economic duress").  Accordingly, this argument fails.

Fourth, Defendant asserts the she did not read the Agreement and therefore is not bound by it.  This argument is meritless as "a signatory to a contract is presumed to have read, understood and agreed to be bound by all terms, including the forum selection clauses."  *Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 382 (S.D.N.Y. 2001) (internal quotation marks and citation omitted) (Lynch, J.); *accord Allstate Ins. Co. v. Am. Home Prods. Corp*., No. 01 Civ. 10715, 2010 WL 1257337, at *8 (S.D.N.Y. Mar. 31, 2010).

Fifth, Defendant argues that Plaintiffs waived their right to enforce the forum selection clause by filing an answer and notice of removal in the Los Angeles Action.  This argument is without merit.  "A forum selection clause will be deemed waived if the party invoking it has taken actions inconsistent with it, or delayed its enforcement, and other parties would be prejudiced."  *Wachovia Bank Nat. Ass'n v. EnCap Golf Holdings*, LLC, 690 F. Supp. 2d 311, 328 (S.D.N.Y. 2010) (internal citation and quotations omitted).  Here, Plaintiffs have not taken any actions inconsistent with the forum selection clause or otherwise delayed its enforcement.

They simply have defended themselves in another forum against claims not subject to the forum selection clause in the Agreement. *Cf. Millennium Drilling Co. v. Prochaska*, No. 14 Civ. 985, 2014 WL 6491531, at *2 (S.D.N.Y. 2014) (Plaintiff's agreement to consider filing its claims as compulsory counterclaims in another forum did not amount to a waiver of its right to enforce the forum selection clause as to those claims); *Wachovia Bank,* 690 F. Supp. 2d at 329 (a defendant's assertion of a counterclaim based on a contract with a forum selection clause in a previous action did not, "in itself, waive enforcement of a forum selection clause in a subsequent action" because the defendant was "entitled to defend itself").

For these reasons, the forum selection clause is valid and enforceable.  Defendant's arguments relating to New York's long-arm statute and constitutional due process are not considered because if an agreement contains a valid forum selection clause, "it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process."  *In re Arbitration Between Nat. Union Fire Ins. Co. of Pittsburgh, P.A. v. Pers. Plus, Inc.*, 954 F. Supp. 2d 239, 247 (S.D.N.Y. 2013) (quoting *Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V.*, No. 09 Civ. 3573, 2010 WL 3743826, at *4 (S.D.N.Y. Sept. 24, 2010)). Therefore, personal jurisdiction and venue are proper.

## II.     TRANSFER

Defendant's motion to transfer venue, considered under § 1404(a), is denied as she has not met her burden of showing that the public interest favors transfer.  District courts "appl[y] the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion."  *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.,* 599 F.3d 102, 114 (2d Cir. 2010) (collecting cases); *accord Tulepan v. Roberts*, 14 Civ. 8716, 2014 WL 6808313 at *1 (S.D.N.Y. Dec. 3, 2014).

"[A] court evaluating a . . . § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests" as the parties have "waive[d] the right to challenge the preselected forum as inconvenient." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 582 (2013). "As a consequence, a district court may consider arguments about public-interest factors only." *Id*. "The public interest includes administrative difficulties that follow from court congestion, a local interest in having localized controversies decided at home, and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action." *Ainbinder v. Potter*, 282 F. Supp. 2d 180, 191 (S.D.N.Y. 2003) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508–09 (1947), which first named the public interest factors in the context of a motion for forum non conveniens). "In all but the most unusual cases . . . the 'interest of justice' is served by holding parties to their bargain." *Atl. Marine Const. Co.*, 134 S. Ct. at 583 (quoting 28 U.S.C. § 1404(a)).

Defendant has not made a clear and convincing showing that the public interest supports transfer of this action. Defendant cites no administrative or other difficulties preventing this case from proceeding in this forum. Plaintiffs' claims, which center on an alleged breach of contract executed in New York and governed by New York law, do not involve concerns "localized" in California. Defendant argues that it is inefficient with a risk of inconsistent results for both the Los Angeles Action and this action to proceed. However, the claims are different and to the extent any determinations are made in one forum affecting the case in the other forum, the doctrine of res judicata would bind the parties. *See Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010) (holding that res judicata bars a subsequent action involving the same plaintiffs "from asserting claims that were, or could have been, raised in a prior action that

resulted in an adjudication on the merits") (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980))).

Defendant's remaining arguments that the New York forum and the existence of two actions are

personally inconvenient are inapt because they raise private and not public concerns.  For these

reasons, the motion to transfer venue is denied.

### III.    SUBJECT MATTER JURISDICTION

Defendant raised the entirely new argument in her supplemental brief that, if Plaintiffs

dismiss their defamation claim, they would not meet the $75,000 minimum amount in

controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332.  This argument fails,

first because Plaintiffs have not dismissed any of their claims.  Even if they had, "[e]vents

occurring subsequent to the institution of suit which reduce the amount recoverable below the

statutory limit do not oust jurisdiction."  *Hall v. EarthLink Network, Inc.,* 396 F.3d 500, 506 (2d

Cir. 2005) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289–90 (1938)).

A court generally will not reevaluate a complaint's amount in controversy allegation for

purposes of diversity jurisdiction based on post-filing events unless that allegation was made in

bad faith.  *Id.* at 506-07.  Plaintiff's subject matter jurisdiction argument fails.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or in the alternative, to transfer, is

DENIED.

SO ORDERED.

Dated: October 23, 2015
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**